## WRIGHT *v.* THE STATE.

FISH, C. J. 1. There was ample evidence to authorize the instructions given to the jury as to the law of confessions and admissions, embraced in the Penal Code (1910), §§ 1029, 1031, 1032.

2. After so instructing the jury it was not cause for a new trial that the court merely failed either to explain to the jury the difference between an admission and a confession, or to charge them that "if they found from the evidence that the defendant had, by acquiescence or silence, or other conduct, admitted the truth of the declarations made in his presence, under circumstances that called for a denial or explanation, that then, before they should consider the said admission arising from the silence or acquiescence of the defendant, that they must find that the silence of the defendant was voluntary, and not induced by the slightest hope of benefit or the remotest fear of injury;" and that, "before the defendant could be convicted upon such an admission alone, the said admission must be corroborated by other evidence, independent of the admission arising from the silence and acquiescence of the defendant;" or to charge the jury that "although they should find, from the evidence in the case, that a declaration was made in the presence and hearing of the defendant, relating to what occurred in a transaction in which he was an actor, and the circumstances required an answer or denial, or other conduct, and if they found that the defendant nevertheless remained silent, then it is discretionary for the jury to consider the silence or acquiescence of the defendant as an admission, or not, as they see fit."

3. A ground of a motion for a new trial not approved by the trial judge can not be considered by the Supreme Court.

4. The evidence authorized the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed.   All the Justices concur.*
APRIL 12, 1911.

Indictment for murder.   Before Judge Freeman.   Coweta superior court.   November 16, 1910.

*T. G. Farmer Jr.* and *A. H. Freeman,* for plaintiff in error.

*H. A. Hall, attorney-general,* and *J. R. Terrell, solicitor-general,* contra.