### 4451. HALL v. MOORING.

The evidence authorized the verdict in the justice's court, and the certiorari record discloses no reason for reversing the judgment of the superior court refusing to disturb, the verdict.

DECIDED DECEMBER 21, 1912.

Certiorari; from Fulton superior court—Judge Bell. September 19, 1912.

*F. L. Neufville,* for plaintiff in error.    *J. V. Poole,* contra.

POTTLE, J. This was a contest between two members of the gentler sex. The plaintiff was a practitioner of the art or science of osteopathy, and the defendant either needed, or thought she did (which is the same thing), the services of the plaintiff. Several visits were made at $3.10 per visit, the ten cents being added for street-car fare, and the whole bill amounted to $27.90. The defendant says she paid all she really owed, and that the plaintiff charged her for a number of social calls, during the course of which the defendant was importuned to continue the treatment. The defendant says that she declined to do so, and that the services rendered by the doctor gave her no relief, and were so unsatisfactory that she was forced to resort to a physician of the allopathic school, who administered pills and mixtures in the good old-fashioned way. On the issues of fact the plaintiff outswore the defendant, or at least the jury in the justice's court thought she did, and the judge of the superior court refused to interfere. ·This is

the end of the law so far as this branch of the case is concerned. It would never do to hold that a doctor is entitled to recover only where he cures the patient. If we did, the members of this learned profession might hesitate to respond in extreme cases where the chances were against them. So far as we are concerned, the doctors may continue to bury their mistakes and recover for their services as they have always done. If we were dealing with lawyers, the rule might be different, but sufficient unto the day is the evil thereof. The defendant says she ought not to pay the extra ten cents per visit, because the doctor usually walked. However, the plaintiff testified that the charge was usual and reasonable. If so, she had a right to walk and save the ten cents.

It appears from the record that the trial waxed warm, and, during the testimony of the defendant, the plaintiff became excited and exclaimed, "liar, liar, liar;" and while the defendant's counsel was endeavoring to persuade the jury to accept his client's theory of the case, the plaintiff did, at intervals, "yell out in court that the defendant was a liar and had lied." Complaint is made that this conduct of the plaintiff humiliated and embarrassed the defendant and prejudiced the jury against her, and that the verdict ought to be set aside because the magistrate failed to punish the plaintiff for contempt. Doubtless the conduct of the plaintiff overawed the chivalrous young justice and embarrassed him quite as much as it did the defendant, and we are not disposed to criticize too harshly his exhibition of judicial timidity. At any rate the failure of the magistrate to punish the contumelious plaintiff must be allowed to rest upon his judicial conscience. If we had any means of knowing that the plaintiff's conduct terrorized the jury and coerced the verdict in her favor, we would, in the interest of a fair and impartial trial, direct another hearing. But the jury doubtless felt secure under the protection of the bailiff and the sacred precincts of the court-room; and if they had returned a verdict adverse to the plaintiff, there was, no doubt, some rear door through which they might have dispersed and thus have escaped violence at the hands of a litigant outraged at the injustice which had been meted out to her. Viewing the matter from this safe distance, we are inclined to think that the unseemly conduct of the plaintiff would more likely have prejudiced her own cause than it did the defendant's.

There are other errors assigned in the petition for certiorari, but the magistrate, in his answer, seems to have effectually disposed of these. According to the answer, the appeal was entered in due time, and the defendant's demand for a bill of particulars was complied with. The amendment attaching the itemized statement was filed in court. This was sufficient service upon the defendant.

*Judgment affirmed.*