### 4454.  EDWARDS *v.* ROBERTS.

HILL, C. J.  1. The code of this State declares, that "a person professing to practice surgery . . must bring to the exercise of his profession a reasonable degree of care and skill;" and that "any injury resulting from a want of such care and skill will be a tort for which a recovery may be had." Civil Code (1910), § 4427. The exercise of this degree of care and skill is the measure of professional duty in all cases; and whether this degree of care and skill has been exercised in a given case is a question of fact for the jury. 5 Thomp. Neg. § 6713; *Akridge* v. *Noble,* 114 *Ga.* 949 (41 S. E. 78). Under the code section quoted, and the rules of law above announced, a petition in the suit of a woman against a physician and surgeon, to recover damages for alleged malpractice, was not subject to general demurrer, the petition alleging, in substance, that the defendant had made an unskillful and improper diagnosis of her physical condition; that following this incorrect diagnosis he removed her left ovary, although it was not diseased, and its removal, in whole or in part, was unnecessary and against her expressed desire; that this removal of the ovary was due to his want of knowledge and skill as a surgeon, and to his reckless disregard of her health; that after this unskillful and unnecessary operation, and without giving the petitioner proper and necessary medical care and treatment, and before the wound caused by the operation had sufficiently healed, he sent her home; that from want of care the wound caused by the operation had never healed; that the defendant exhibited reckless disregard of the petitioner's health, and wilfully injured her health; that the operation was done without necessity, and without reasonable skill and care as a surgeon, and that, due to said unskillful and unnecessary operation, and lack of proper care and treatment after the operation, she was caused to suffer great pain, both mental and physical, which suffering would be permanent, etc.

2. The allegation that the plaintiff is "a widow aged 25 years, and is the mother of a girl child now living" was improperly stricken, on demurrer filed thereto.                         *Judgment reversed.*

DECIDED JANUARY 22, 1913.

Action for damages; from city court of Thomasville—Judge W. H. Hammond. September 24, 1912.

*Fondren Mitchell, Snodgrass & MacIntyre,* for plaintiff.