### 18304. PERRY v. HODGSON.

LUKE, J. "1. Where a surgeon enters into an agreement with a person merely to perform a certain operation, and the surgeon in violation of the contract goes further, without an emergency, and performs another operation which is unauthorized by the agreement, or by an emergency necessitating the additional operation, and injury results to the patient, the surgeon can not relieve himself from liability by showing skill and care in the other operation.

"2. Whether plaintiff consented to the operation that was performed, and whether his consent was implied from the circumstances, was a question for the jury to determine under all the circumstances.

"3. Under the facts of this case it was not error to admit evidence of surgeons to show that the operation performed was a usual one in such cases, and that it was done with skill and care.

"4. Generally instructions by the court must be warranted by the evidence. Where instructions are given that are not warranted by the evidence and are calculated to mislead and confuse the jury, the error requires a new trial. The instructions given in the instant case, to which exception is taken, were not authorized, and will require a new trial."

The above are headnotes to an opinion rendered by the Supreme Court on certiorari in this case. For full opinion see 168 *Ga.* 678 (148 S. E. 659). Under these rulings the judgment of this court rendered in this case on November 15, 1927 (37 *Ga. App.* 314, 140 S. E. 396), must be and is vacated, and the judgment overruling the motion for a new trial is *Reversed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED JULY 9, 1929.

118

*Branch & Howard, Colquitt & Conyers,* for plaintiff.

*L. J. Steele, Hugh Burgess, Bryan & Middlebrooks,* for defendant.