24145. YEATES *v.* BOYD.

JENKINS, P. J. 1. "A person professing to practice surgery or the administering of medicine for a compensation must bring to the exercise of his profession a reasonable degree of care and skill." Civil Code (1910), § 4427. This being the measure of the professional duty of a physician (*Edwards* v. *Roberts,* 12 *Ga. App.* 140, 76 S. E. 1054), his right to recover for his services is based upon this, rather than upon whether a cure was effected. *Hall* v. *Mooring,* 12 *Ga. App.* 74 (76 S. E. 759).

2. "In an action by a physician and surgeon to recover the value of professional services rendered, the burden is on him to prove that he is a physician, that he was employed as such, that he rendered the services alleged, and to show the value of such services as represented by the ordinary and reasonable price for services of that nature. . . In such an action . . the presumption is that the surgical or medical services

were performed in an ordinarily skilful manner, and the burden is on the person receiving the services to show a want of due care, skill, and diligence." *Fincher* v. *Davis*, 27 *Ga. App.* 494 (2) (108 S. E. 905).

3. The plaintiff physician having shown a prima facie case under the preceding rule, and the testimony of the defendant wholly failing to show any failure by the plaintiff in his treatments, for which his suit on account was brought, to exercise the reasonable degree of care and skill required of his profession, but the defendant, on the other hand, testifying that "neither during treatment nor soon afterward did I complain about treatment or charges," that "the bill of particulars is a correct statement of my account with" the plaintiff, that "I received all the treatments listed and have not paid the bill," and the evidence further showing no complaint by the defendant as to the account until nearly two years thereafter, but showing payments on the account both in the intervening period and after the first complaint by letter, a verdict was demanded in favor of the plaintiff, and the court did not err in charging the jury that under the evidence, they would "have to bring in a verdict for the plaintiff in some amount."

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED JANUARY 7, 1935.

*C. M. Yeates,* for plaintiff in error.

*Ellis Cone, Richard H. Peters, Jones, Fuller, Russell & Clapp,* contra.