### DAVIS *v.* THE STATE.

JENKINS, Justice. 1. Although "the jury must accept as the law what the court charges them as being the law," and it is the province of the jury only "to apply the law so construed to the facts," so that in this sense alone are they "judges of the law" as well as the facts (*Mims* v. *State*, 188 *Ga.* 702 (4), 705, 4 S. E. 2d, 831, and cit.; Code, §§ 2-201, 27-2301), the mere use of the words "except that," in an instruction that "the charge of the court is the law of the case, and by it you are bound, except that you are the judges of the law in applying it to the facts as you find them to be," could not have misled the jury into conceiving that they would be free to reject the law charged by the court.

2. The evidence authorized an instruction on the law of confessions, under the testimony of a witness that the defendant said he killed the deceased and would do it over again, where such statement of the defendant was not accompanied by any reason indicating justification or mitigation. *Jones* v. *State*, 139 *Ga.* 104 (3) (76 S. E. 748); *Wright* v. *State*, 136 *Ga.* 130 (70 S. E. 1102); *Daniel* v. *State*, 187 *Ga.* 411 (4), 413 (1 S. E. 2d, 6), and cit.

3. There is no merit in the exception to the charge as to the right of the jury to find the defendant guilty without a recommendation to mercy, or guilty with such a recommendation, and as to the forms of the verdicts, on the ground that the instructions were misleading or failed to inform the jury of their absolute right to recommend mercy, since the legal rule controlling the jury was correctly stated, and the jury were expressly instructed that they could recommend mercy "with or without a reason under the laws of this State." See *Wheat* v. *State*, 187 *Ga.* 480 (3) (1 S. E. 2d, 1), and cit.

4. It is "the general rule . . that instructions . . to the jury must be warranted by the evidence," and "where instructions are given that are not [so] warranted, . . and are calculated to . . confuse the jury, the error requires a new trial." *Central Georgia Power Co.* v. *Cornwell*, 139 *Ga.* 1 (2, *a*), 5 (76 S. E. 387, Ann. Cas. 1914A, 880), and cit.; *Perry* v. *Hodgson*, 168 *Ga.* 678 (4) (148 S. E. 659); *Hastings* v. *Hastings*, 175 *Ga.* 805 (3) (166 S. E. 192). The fact that the unauthorized instructions may have stated "the law correctly, in the abstract," will not avoid a new trial, if it is apparent that the jury might have been misled. *Culberson* v. *Alabama Construction Co.*, 127 *Ga.* 599, 602 (56 S. E. 765, 9 L. R. A. (N. S.) 411, 9 Ann. Cas. 507).

(*a*) The judge fully and correctly charged the principles of law applicable to the defense of insanity in criminal cases, in giving the general rule of criminal responsibility as measured by the ability to distinguish between right and wrong in connection with the particular act. *Roberts* v. *State*, 3 *Ga.* 310; *Rozier* v. *State*, 185 *Ga.* 317 (2), 320 (195 S. E. 172), and cit. He also charged the correct abstract rule relating to delusional insanity, which under the evidence for the State was authorized, but on which the defendant did not expressly rely. The charge on delusional insanity did not constitute error, since it merely gave to the defendant the benefit of an additional defense, and could not have misled the jury as to the defense on which he expressly relied.

*Judgment affirmed. All the Justices concur.*

No. 13160. April 10, 1940.

*J. L. Crawley, E. L. Grantham,* and *W. D. Dickerson,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, John S. Gibson, solicitor-general, Emil J. Clower* and *Duke Davis, assistant attorneys-general,* contra.