### 29412. KEEN v. COLEMAN.

SUTTON, J. 1. "Where a surgeon enters into an agreement with a person merely to perform a certain operation, and the surgeon in violation of the contract goes further, without an emergency, and performs another operation which is unauthorized by the agreement, or by an emergency necessitating the additional operation, and injury results to the patient, the surgeon can not relieve himself from liability by showing skill and care in the other operation." *Perry* v. *Hodgson,* 168 *Ga.* 678 (148 S. E. 659).

2. The allegations of the petition showing that although the plaintiff, who had been operated upon by the defendant physician for appendicitis on June 6, 1939, and had thereafter, on July 18, 1939, visited his hospital to inform him that she would no longer submit to hypodermic injections of certain medicine by another physician as instructed by the defendant, went, in response to directions of the defendant, into his operating room and got upon the operating table and allowed herself to be strapped down to enable him to examine the incision he had made in the operation for appendicitis, and, upon his representation that the only way to treat the incision which had some infection in it was to get at it through her vagina and uterus, she consented to such proposed treatment, but when the defendant began to order his attendants to

hand him certain surgical instruments and she became aware that he was going to operate upon her she protested against any sort of operation, telling him that she was pregnant and "for God's sake not to do anything to her that would cause her to lose her child," but that he nevertheless disregarded her protests against any operation and her request that she be allowed to consult her husband, who was waiting outside the hospital in an automobile, and he ruthlessly and violently inserted some sort of instrument into her vagina and her womb, giving it a sudden and violent whirling motion and thereby producing described injuries and dismembering the child which was in her womb, the petition not showing that the defendant was acting in any emergency arising in connection with mere treatment of the infected incision, a cause of action as for an unauthorized operation was set forth, and the petition was not subject to general demurrer.

(a) The special demurrers are also without merit.

(b) The court erred in sustaining the demurrer and in dismissing the action. *Judgment reversed. Stephens, P. J., and Felton, J., concur.*

DECIDED MAY 8, 1942.

*O. J. Franklin,* for plaintiff.  *Bryan, Middlebrooks & Carter, Hal M. Smith, Will Ed Smith,* for defendant.