28059. MANAGEMENT SEARCH, INC. v. KINARD.

SUBMITTED JULY 11, 1973 — DECIDED SEPTEMBER 6, 1973.

*Thomas C. Jones, Jr.,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Hoke Smith,* for appellee.

NICHOLS, Justice. 1. The Act regulating private employment agencies, supra, is a regulatory measure in the public interest and not a mere revenue measure. This Act requires more than the mere obtaining of a business license and a mere reading of the Act discloses without contradiction that it is an enactment for the protection of the public and a recognition that unless such employment agencies are solvent and operated by persons of integrity, the public is not protected. The first question is answered in the affirmative.

2. In *Bernstein v. Peters,* 68 Ga. App. 218, (22 SE2d 614), supra, Judge Sutton, later Mr. Justice Sutton, explored the area of contracts by persons engaged in business regulated by government in the public interest and quoted extensively from prior decisions of both the Court of Appeals and this court, and under such decision and the numerous authorities there quoted and cited, contracts made in violation of such a statute are void and unenforceable. The second question is answered in the affirmative.

3. The remaining questions will be discussed together. Prior to the adoption of the Civil Practice Act, supra, when issue pleadings were required, it was necessary, where a cause of action was based upon a contract which required a regulatory license, to allege compliance in order to withstand general demurrer. Under notice

pleadings, a motion to dismiss would not result in the dismissal of a complaint in such a case unless it affirmatively appeared that the plaintiff did not possess such license, but the meagerness of pleadings required to withstand a motion to dismiss under the Civil Practice Act does not change the substantive issues involved in litigation. What was a necessary element in order to authorize a recovery under issue pleadings is still a necessary element under notice pleadings. The difference is how it is shown.

In *Morgan v. Reeves,* 226 Ga. 697 (177 SE2d 68), a majority of this court held that under the Civil Practice Act it is no longer necessary to allege a city ordinance in order to permit its introduction into evidence. In *Maxwell v. Tucker,* 118 Ga. App. 695, 698 (165 SE2d 459), the Court of Appeals, in dealing with a real estate broker's license pointed out the change in the requirements of law relating to pleading real estate brokers' licenses, and held that it was not necessary to plead the existence of such a license in order to state a claim. In *Culverhouse v. Atlanta Association for Convalescent Aged Persons,* 127 Ga. App. 574, 578 (194 SE2d 299), it was said: "With the advent of the Civil Practice Act of 1966 (Code Ann. § 81A-108), although the fact of license need not be alleged, it must be shown to entitle the plaintiff to recover. *Byrd v. Ford Motor Co.,* 118 Ga. App. 333 (163 SE2d 327); *Maxwell v. Tucker,* 118 Ga. App. 695, 698 (165 SE2d 459); *Household Finance Corp. v. Johnson,* 119 Ga. App. 49 (165 SE2d 864)." Accordingly, at whatever stage of the proceedings it appears that the plaintiff is seeking to recover upon a contract permitted to be entered into only by persons holding licenses issued as a regulatory measure, it becomes imperative for the plaintiff to prove that he holds such a license and held such license at the time the contract was entered into in order to authorize a recovery. Accordingly, the third, fourth and sixth questions are answered in the negative, and the fifth question is answered in the affirmative. Question seven requires no answer.

*Questions one, two and five are answered in the affirmative; questions three, four and six are answered in the negative. All the Justices concur.*