### 49599. DiMAURO v. BARBER et al.

CLARK, Judge.

The principal problem presented in this appeal is whether the evidence of plaintiff plumbing partnership satisfied proof requirements relative to being licensed as plumbers during the period they performed the services for which a verdict with judgment thereon was obtained.

1. Unless a person or persons engaged in the operation of a plumbing partnership or corporation is licensed pursuant to Code Ann. § 84-4706, the partnership or corporation shall not have the right to participate in the business of plumbing contracting installation or repairing. Code Ann. § 84-4713. However,". . . any person may engage in plumbing contracting, installation or repairing within any municipality or county, provided he meets the licensing qualifications required by such municipality or county." Code Ann. § 84-4721. Thus, regardless of whether or not a plumber is qualified by the state pursuant to Code Ann. § 84-4706, he may legally conduct his trade within the municipality or county in which he is licensed.

2. Code Ann. § 84-4701 provides: "A State Board of Examiners of Plumbing Contractors is hereby created

to determine the fitness of master, contracting and journeyman plumbers to engage in said vocation in this State by the establishment of rules and regulations in order to safeguard home and other property owners and tenants against faulty, inadequate, inefficient or unsafe plumbing installations and to protect the life, health and property of said owners and tenants in the State of Georgia." This statute thus indicates the public interest perspective of Code Ann. Ch. 84-47. Accordingly, the holding of *Management Search, Inc. v. Kinard,* 231 Ga. 26 (199 SE2d 899) is appropriate here.

In *Kinard,* our Supreme Court, responding affirmatively to several questions propounded by this bench, ruled that where a licensing act is a regulatory measure in the public interest, and not a mere revenue measure, the holding of a license in accordance with the act is a condition precedent to recovery and the burden is upon the plaintiff to prove its existence. Defendant contends plaintiffs failed to carry this burden. We disagree. Each plaintiff testified he had been licensed by the municipality in which the partnership operated during the period in question. This testimony clearly places plaintiffs within the Code Ann. § 84-4721 exception.

Defendant's assertion that the "license testimony" of one of the plaintiff partners was erroneously admitted into evidence over counsel's "best evidence rule" objection cannot be considered here as no assignment of error is made upon the correctness of the judgment admitting such evidence. *Awtrey v. Awtrey,* 164 Ga. 69 (137 SE 760). Moreover, no "best evidence rule" objection was made below to the "license testimony" of the other plaintiff whose evidence was sufficient to establish the fact sought to be proved. *Maynard v. Rawlins,* 45 Ga. App. 91 (163 SE 269). The "license testimony" of each witness is not without probative value and it is therefore sufficient to carry the burden imposed by *Kinard.*

3. Defendant contends the court erred in failing to sustain his motion for a directed verdict which was based on the ground that plaintiffs were admittedly not licensed as "Warm Air Heating Contractors," an occupation for which state licenses are required. Ga. L. 1949, p. 1622 et

seq. (Code Ann. Ch. 84-38). Examination of this legislation shows it to have likewise been enacted as a regulatory measure in the public interest and the mandate of *Management Search, Inc. v. Kinard,* supra, is applicable thereto. But a review of the trial transcript discloses the jury was entitled to determine that no warm air contracting was performed by plaintiffs. Although one of the plaintiffs initially testified the partnership performed plumbing and heating services for the defendant, he subsequently declared they did not do any warm air contracting work. Moreover, the other plaintiff unequivocally testified the partners did not perform warm air work on defendant's behalf. "The credibility of a witness is a matter exclusively for a fact-finding body when the facts testified to by him are not inherently at variance with the common knowledge and experience of mankind; and a reviewing court with power to determine questions of law only can not interfere with the findings crediting a witness, no matter how many witnesses may have testified to the contrary or how many circumstances may have been adduced to disprove the testimony of the single witness. [Cits.]" *Hayslip v. Liberty Mut. Ins. Co.,* 72 Ga. App. 509 (34 SE2d 319).

4. Defendant's complaint that the trial court erred in refusing to give two requests to charge is without merit since defendant's last minute oral requests did not comply with the requirements of Code Ann. § 70-207 (b). *Wells v. State,* 126 Ga. App. 130, 134 (190 SE2d 106); *Whiteway Laundry &c. v. Childs,* 126 Ga. App. 617, 619 (8) (191 SE2d 454).

5. The evidence supports the verdict. The general grounds are without merit.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED SEPTEMBER 9, 1974 — DECIDED DECEMBER 2, 1974 — REHEARING DENIED DECEMBER 19, 1974.

*Koehler & Russo, Tony D. DiMauro, Michael L. Russo, James E. Epstein,* for appellant.

*Moffett, Henderson, Jones & Barnwell, John A.*

*Swann, Walter N. Adams,* for appellees.