## 50432. REDDIX v. CHATHAM COUNTY HOSPITAL AUTHORITY.

PANNELL, Presiding Judge.

The Chatham County Hospital Authority, operating Memorial Medical Center, brought a complaint against Thomas Reddix seeking to recover on an indebtedness with interest, "according to the attached hereto annexed as Exhibit 'A'." The attachment consisted of several sheets showing various amounts in various categories apparently charged for hospital room and services. The defendant denied he was indebted in the amount sued for and claimed he was entitled to credit for payments made. Upon the trial of the case before the trial judge without a jury, a witness for the complainant, testifying from the hospital business records, testified the balance owing was the amount sued for after certain credits for payments on the indebtedness were made. The following occurred during the examination of this witness, the assistant fiscal director of the complainant hospital: "Q. The Chatham County Hospital Authority is an organization created and existing under the laws of the State of Georgia? A. Yes, Sir. Q. Created by an act of the legislature? A. Yes, Sir. Q. Thank you sir. Licensed as a hospital? Q. Yes, Sir. *Mr. Gill:* Your Honor, I'm going to object on the basis of the best evidence rule. His testimony that it's been licensed is not acceptable on the basis of the best evidence rule. The best evidence is the license itself. The Court: Overruled."

No evidence was offered as to the reasonable value of the services charged. At the close of the evidence, (defendant offered no evidence) defendant made a motion "for a dismissal on the grounds that plaintiff's witness did not have with him the license showing that" the hospital "was licensed by the State, and that the license would be the highest and best evidence, and further that plaintiff had not proven its case because there was no evidence that the charges were reasonable for the services rendered." Both motions were overruled by the trial judge and he found in favor of the complainant hospital and entered judgment against the defendant from which judgment the defendant entered his appeal to this court.

Two motions were filed moving for dismissal of the appeal on various grounds. *Held:*

1. The motions to dismiss the appeal are without merit and are hereby overruled.

2. Enumeration of error No. 2 alleges the trial court erred in overruling defendant's motion for directed verdict (apparently referring to the motion to dismiss) "When plaintiff failed to introduce any evidence whatsoever that the plaintiff filed a permit signifying that they complied with the rules and regulations of the Department of Health during the period of May 8, 1972 until May 16, 1972, the period plaintiff rendered services to the defendant." The record does not disclose any such motion was made on that ground. Enumeration of error No. 3 complains that the trial judge "erred in admitting, over defendant's timely objection, testimony that the plaintiff held a 'license' at an undisclosed time." The record does not disclose an objection to the evidence on this ground, but only on the ground the license itself is the highest and best evidence. When enumerations of error are unsupported by the record, no question for decision thereon is presented to this court on appeal. See *Mustang Transportation, Inc. v. Lowe & Sons, Inc.,* 123 Ga. App. 350 (1a), 181 SE2d 85; *Dowling v. Jones-Logan Co., Inc.,* 123 Ga. App. 380, 382 (3) (181 SE2d 75).

3. However, the question as to license or permit is raised by the enumeration of error that the judgment of a trial judge is not supported by the evidence. We find no state requirement as to a hospital securing a "license" but we do find that in order to operate a hospital a "permit" from the State Department of Human Resources is required. Code Ann. § 88-1905. The issuance of a permit signifies that the facilities and the operation of the hospital complies with the rules and regulations of the Department of Natural Resources [formerly Department of Health]. Code Ann. § 88-1901 (b). This department, in conjunction with the Advisory Counsel for Construction and licensure (Code Ann. § 88-2201), has the power and authority to adopt rules and regulations "for the protection of the health and lives of patients of institutions, as herein defined." *Code Ann. §§ 88-1902, 88-1903.* Rules and the regulations of the State of

Georgia, so adopted, as to the operation of hospitals within this state and the requirements for a permit cover 40 sections on 60 pages (Chapter 290-5-6, Rules and Regulations of The State of Georgia) covering, among other things, detailed rules and regulations as to the construction of buildings, governing bodies of the hospital, requirements as to the types and kinds of equipment, personnel and the competency thereof, regulations as to the food service, laboratories, housekeeping, and numerous other matters. This is clearly a regulatory measure as to health, not a fund-raising or tax measure or mere business permit. The courts of this state are committed to the doctrine that under these circumstances, in order to recover for services rendered, it must be shown the plaintiff was properly licensed, or as here, was the holder of the proper permit at the time the services were rendered. *Management Search, Inc. v. Kinard,* 231 Ga. 26, 27 (199 SE2d 899); *Culverhouse v. Atlanta Assn. for Convalescent Aged Persons, Inc.,* 127 Ga. App. 574 (194 SE2d 299). Mere testimony that the plaintiff had a "license" was not such proof. The trial judge erred in entering judgment in favor of the plaintiff for this reason.

4. Ordinarily, in the absence of an agreement, either express or implied, as to the amount of the charges made to the "account" of the defendant patient, the plaintiff hospital would have to prove the charges were reasonable and the value thereof. *Rushing v. Jones,* 68 Ga. App. 300 (22 SE2d 675); *Turner v. Houser,* 110 Ga. App. 379 (138 SE2d 619); *City of Macon v. Blythe Bros. Co.,* 125 Ga. App. 469 (188 SE2d 233); *Culverhouse v. Jackson,* 127 Ga. App. 635 (194 SE2d 585); *Fincher v. Davis,* 27 Ga. App. 494 (108 SE 905); *McLendon v. Moore,* 42 Ga. App. 580 (157 SE 214); *Yeates v. Boyd,* 50 Ga. App. 331 (177 SE 921).

While under such circumstances where it appears that a statement is rendered and not objected to and payments are made thereon a prima facie case may be made in favor of the plaintiff hospital (*Brown v. Eaton-Saussy & Co.,* 42 Ga. App. 486 (4), (156 SE 459)), there is in the present case no proof of a statement rendered, although there is proof of payments made. We must, accordingly, hold that failure to prove the

reasonable value of the services or that a statement was rendered before the payments were made, was also fatal to a recovery as plaintiff had not carried its burden of proof; and the trial court erred for this reason also in rendering the judgment in favor of the plaintiffs.

*Judgment reversed. Quillian and Clark, JJ., concur.*

ARGUED MARCH 11, 1975 — DECIDED MAY 16, 1975.

*Robert T. Gill,* for appellant.

*Hunter, Houlihan, Maclean, Exley, Dunn & Connerat, Charles C. Martin, Olaf N. Otto,* for appellee.