## 56093. PROCTOR et al. v. LANIER COLLECTION AGENCY & SERVICE, INC.

WEBB, Judge.

Lanier sued appellants for an alleged indebtedness owed to its assignor Memorial Medical Center for medical services provided by the hospital in 1974 and 1976. The suit was tried on February 9, 1978, and an employee of the Medical Center appearing on Lanier's behalf introduced a hospital permit for the year 1977 and testified that it hung in the hospital admissions office. Appellants' counsel objected to the relevance of the 1977 permit since the alleged debts were incurred in 1974 and 1976, or to oral testimony as to the hospital having permits for those years. The objections were overruled, judgment entered for Lanier, and this appeal ensued. We reverse.

In order to operate a hospital a permit from the State Department of Human Resources is required. Code Ann. § 88-1905. "This is clearly a regulatory measure as to health, not a fund-raising or tax measure or mere business permit. The courts of this state are committed to the doctrine that under these circumstances, in order to recover for services rendered, it must be shown the plaintiff was properly licensed, or as here, was the holder of the proper permit at the time the services were rendered. *Management Search, Inc. v. Kinard,* 231 Ga. 26, 27 (199 SE2d 899); *Culverhouse v. Atlanta Assn. for Convalescent Aged Persons, Inc.,* 127 Ga. App. 574 (194 SE2d 299). Mere testimony that the plaintiff had a 'license' was not such proof. The trial judge erred in entering judgment in favor of the plaintiff for this reason." *Reddix v. Chatham County Hospital Authority,* 134 Ga. App. 860, 862 (3) (216 SE2d 680) (1975).

*Judgment reversed. Quillian, P. J., and McMurray, J., concur.*

SUBMITTED JULY 10, 1978 — DECIDED
SEPTEMBER 6, 1978.

*Robert L. Goldstucker, Philip L. Merkel,* for appellants.
*John T. Sparkman, Jr.,* for appellee.