### 56710. SHAVER et al. v. AETNA FINANCE COMPANY.

BANKE, Judge.

The appellants brought suit against the appellee alleging that the latter had violated the Industrial Loan Act (Code Ann. Ch. 25-3) in connection with a loan to them. The relief sought is not entirely clear, but it is apparently to have the original loan note declared null and void.

The only illegality alleged on appeal in connection

with the transaction, is a violation of Rule 120-1-7-.02 of the Rules of the Comptroller General, which govern the operations of Industrial Loan Act lenders. Subsection (6) of that Rule requires that the "original papers" executed in connection with each loan, such as insurance certificates, security agreements, financing statements, and the note itself, be maintained in a single file. The appellants maintain that this was not done in their case and that the note is rendered void as a result. *Held:*

Code Ann. § 25-9903 (Ga. L. 1955, pp. 431, 444) provides that "Any loan contract made in violation of [Chapter 25-3] shall be null and void." Assuming arguendo that the appellee violated Rule 120-1-7-.02, supra, and that this violation was equivalent to a violation of the Act, it does not follow that the loan was "made" in violation of the Act. It simply means that the account was subsequently maintained in an illegal manner. Since no violation of the Act is alleged in connection with the execution of the loan contract itself, it follows that the contract is not void on its face. Accord, *Liberty Loan Corp. v. Childs,* 140 Ga. App. 473 (231 SE2d 352) (1976). Accordingly, the trial court did not err in granting summary judgment to the appellee.

An attorney for Georgia Legal Services Program, Inc., has filed an "amicus curiae" brief alleging that the loan was rendered void by the appellee's failure to make certain written disclosures required by Code Ann. § 25-319. However, this issue was not raised by the appellants in their enumerations of error. Thus, even assuming that the issues involved in this case are of such importance as to warrant further elucidation by an amicus curiae, we cannot consider this attempted expansion of the original appeal. See *Reese v. State,* 139 Ga. App. 630 (3) (229 SE2d 111) (1976).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

Submitted October 3, 1978 — Decided January 23, 1979.

*Ron S. Iddins,* for appellants.
*Hirsch, Beil & Partin, Jacob Beil,* for appellee.

*Charles M. Baird,* amicus curiae.