57714. A. R. HUDSON REALTY, INC. v. HOOD.

CARLEY, Judge.
Mrs. Hood, as co-executrix of the estate of Essie Mae Lamar Johnson, pursuant to the authority granted by Mrs. Johnson's will, entered into a contract with John E. Hallman, III, on February 23, 1976, to sell him part of the Johnson estate for a purchase price of $70,425. The contract provided that because of the valuable services rendered in procuring a buyer, the broker, Hudson Realty, was made a party to the contract. It further recited that "in the event the sale is not consummated because of Seller's inability, failure or refusal to perform any of the Seller's covenants herein, then the Seller shall pay the full commission to Broker . . ." The contract was signed by Hallman, as purchaser, Mrs. Hood and her co-executor (now deceased), as sellers, and A. R. Hudson for A. R. Hudson Realty, Inc., as broker.

On the day set for closing Hallman and the other co-executor were present and prepared to close but Mrs. Hood failed to appear. On September 9, 1976, Hallman sued for breach of contract and the trial court concluded that Mrs. Hood had caused the estate to breach a valid and binding real estate contract. Hallman was awarded compensatory damages of $20,775, the difference between the fair market value of $90,000 and the contract price, plus $1,200 expended by Hallman in preparing for closing and $1,028 expense of litigation based on a finding that Mrs. Hood had acted in bad faith and in a stubbornly litigious manner. The judgment against Mrs. Hood in that case was affirmed by this court. *Hood v. Hallman,* 143 Ga. App. 507 (239 SE2d 194) (1977).

On April 14, 1978, Hudson filed this action on the same contract seeking its 10% commission. Mrs. Hood raised defenses alleging (1) lack of a contract between her

and the broker, (2) that the previous award of damages included the broker's commission, and (3) res judicata. Hudson made motions for partial summary judgment on the issues of liability and damages under the contract terms, relying upon the pleadings, answers to requests for admission, Hudson's affidavit and a certified copy of the judgment obtained by Hallman under the same contract. Mrs. Hood filed an amended answer and a motion for summary judgment with her affidavit in support thereof. Hudson appeals from the order granting summary judgment to Mrs. Hood and denying its motion for summary judgment.

1. The threshold question is whether Hudson's claim is barred by the doctrine of res judicata, as asserted by Mrs. Hood. "[W]hile res judicata applies only as between the same parties and upon the same cause of action to matters which were actually in issue or which under the rules of law could have been put in issue, estoppel by judgment applies as between the same parties upon any cause of action to matters which were directly decided in the former suit." *Brown v. Brown,* 212 Ga. 202, 204 (91 SE2d 495) (1956); *Woods v. Delta Air Lines,* 237 Ga. 332, 333 (227 SE2d 376) (1976); Code §§ 110-501, 38-114. "While the phrase 'same parties' does not mean that all of the parties on the respective sides of the litigation in the two cases shall have been identical, it does mean that those who invoke the defense and against whom it is invoked must be the same. *Darling Stores Corp. v. Beatus,* 199 Ga. 215 (33 SE2d 701)." *Ritchie Gas of Cornelia v. Ferguson,* 111 Ga. App. 187, 188 (140 SE2d 925) (1965). For a definitive discussion of the finer distinguishing points among the principles generally referred to as "estoppel by judgment," "collateral estoppel," "estoppel by verdict," and "res judicata," see *Smith v. Wood,* 115 Ga. App. 265 (154 SE2d 646) (1967).

None of these theories, however, was available to Mrs. Hood. Not only were the plaintiffs not the same in the two suits, the issue of Hudson's right to its broker's fee under the terms of the contract was not litigated when Hallman sought and was awarded damages for its breach by Mrs. Hood for refusing to go through with the sale to him as purchaser. "Consequently there was no identity of

parties or privity as to the judgment in the prior action, and the [plea in bar] should have been overruled. [Cits.]" *Davis v. Bryant,* 117 Ga. App. 811, 812 (2) (162 SE2d 249) (1968). Code § 20-1401 is likewise inapplicable as a defense where two separate parties, each in his own right, bring actions against the same defendant on the identical contract. *Smith v. Pope,* 100 Ga. App. 369, 370 (4) (111 SE2d 155) (1959).

2. There is nothing in the record on appeal before this court, including the order of the trial court in *Hood v. Hallman,* 143 Ga. App. 507, supra, or the opinion of this court in that case, to indicate that the award of damages to the purchaser Hallman included the real estate commission now sought by Hudson. "The [broker] is entitled to his commission if his efforts resulted in an enforceable contract between the parties. [Cits.] Therefore, the parties' rights to recovery depend on whether the buyer and seller could have enforced the contract against each other." *Maxwell v. Tucker,* 118 Ga. App. 695, 696 (1) (165 SE2d 459) (1968).

Hudson clearly had the right to enforce the contract here because it specifically obligated the seller to pay the broker's commission in the event of her breach. *Brittain v. Russell,* 78 Ga. App. 719 (52 SE2d 38) (1949), differs from the instant case only in that the purchaser defaulted rather than the seller. We quote, interpolating the proper parties: "The plaintiff as a real-estate broker had earned his commission when he negotiated the transaction between these parties which resulted in the making of the binding sales contract between them. . . . [U]nder the terms of the contract here involved, where the sale was not consummated due to the default of the [seller], as was alleged in the petition, the [seller] was liable to the plaintiff for his commission. The [seller] obligated himself to pay to the plaintiff (agent) his commission, in the event the sale was not consummated due to his default, and the plaintiff's action is based on this provision of the contract. The plaintiff signed the contract with the seller and the purchaser, and is entitled to enforce the provisions of the contract with reference to his commission as a real-estate broker. [Cits.]" *Brittain,* supra, at 722. See also *Pendley v. Jessee,* 134 Ga. App. 138, 142 (1) (213 SE2d 496) (1975).

3. In support of the grant of summary judgment in her favor, Mrs. Hood relies upon her allegations asserting conspiracy to defraud. She contends that if the facts underlying that defense are proven, the contract may be declared void at her election citing *Thompson v. Wilkins,* 143 Ga. App. 739, 740 (2) (240 SE2d 183) (1977). That case reversed a grant of summary judgment and held that unless the movant conclusively eliminates all material issues in the case, " '[w]hether a note or other writing was procured by fraud is a question of fact for the determination of a jury.' [Cits.]" *Thompson,* supra, at 741.

The validity of this same contract was litigated in the suit brought against Mrs. Hood by the purchaser Hallman and this court upheld the trial judge's conclusion of law that there being no evidence of "undue influence or overreaching," it was valid and binding on the parties. *Hood v. Hallman,* 143 Ga. App. 507, 508 (1), supra. While Hudson Realty was not a party to that suit, it introduced a certified copy of the judgment in evidence in this action and the pleadings and affidavits of both Mrs. Hood and A. R. Hudson conclusively establish that this contract of sale was executed and entered into by both of them. The affidavit of A. R. Hudson further swears that he was a duly licensed and practicing real estate broker, that he procured a purchaser who was ready, willing and able to purchase pursuant to the provisions of the contract and that Mrs. Hood failed and refused to close the sale, thereby breaching the contract which specifically provided that the seller would pay the full commission to the broker in the event of the seller's breach. Although the contract is silent as to the amount of the commission, A. R. Hudson asserted by affidavit and Mrs. Hood admitted that they had agreed upon 10% of the sales price.

On the other hand, examination of the affidavits submitted by Mrs. Hood in support of her answer and motion for summary judgment reveals that they relate only to the absence of any contract between herself and Hudson notwithstanding her admission that she executed and entered into the one he relies upon. She denies none of the contractual terms thereof, and her allegations of fraud are against her co-executor (now deceased), not Hudson. Her assertion that Hudson was acting as the purchaser's

agent rather than as hers is unsupported by any evidentiary matter and is a mere legal conclusion on her part. Thus, since Code Ann. § 81A-156 (e) requires that the facts set forth in affidavits in support of motions for summary judgment be "such facts as would be admissible in the evidence, . . ." there was a substantial failure on her part to tender competent evidence.

Mere legal conclusions and allegations will not suffice to rebut the movant's evidence, *Goodman v. St. Joseph's Infirmary,* 144 Ga. App. 614, 618 (241 SE2d 487) (1978), nor will pleadings unsupported by evidence, *Daniell v. Collins,* 222 Ga. 1 (148 SE2d 295) (1966). See also *Hyman v. Horwitz,* 148 Ga. App. 647 (1) (252 SE2d 74) (1979), and *Belcher v. Logan,* 150 Ga. App. 249 (1) (1979). "Code Ann. § 81A-156 (e) requires that affidavits in motions for summary judgment be based on personal knowledge and must show affirmatively that affiant is competent to testify to matters stated therein. This requirement was not met by [Mrs. Hood's] affidavit. In any event, where the terms of a contract are unambiguous on their face as they were here, parol evidence may not be used to explain their intent and meaning. [Cit.]" *Boling v. Golden Arch Realty Corp.,* 242 Ga. 3, 4 (247 SE2d 744) (1978). Therefore, Mrs. Hood having failed to refute the evidence presented by Hudson as required, the trial court erred in granting summary judgment in her favor.

4. Mrs. Hood responds to the enumeration assigning error upon the denial of Hudson's motions for partial summary judgment by asserting for the first time on motion for rehearing that a review of the record discloses no allegation or proof of a broker's license as required by Code. Ann. § 84-1404 so as to allow the plaintiff A. R. Hudson Realty, Inc., to recover. She argues that nowhere in the affidavit of A. R. Hudson or elsewhere is there proof that the corporate plaintiff was a licensed real estate broker and that the proof of license to the employee does not inure to the corporation.

The record reveals that A. R. Hudson swore by affidavit that he was a licensed real estate broker in the State of Georgia and that A. R. Hudson Realty, Inc. was a Georgia corporation duly licensed to practice real estate under the laws of the State of Georgia. Although the sales

contract which was attached as an exhibit to the complaint also referred to A. R. Hudson Realty, Inc., as a licensed broker, the validity of the contract was denied in Mrs. Hood's defensive pleadings. In any event, a broker plaintiff must "prove that he holds such and held such license at the time the contract was entered into in order to authorize a recovery," *Management Search, Inc. v. Kinard,* 231 Ga. 26, 29 (3) (199 SE2d 899) (1973), and under the best evidence rule "[m]ere testimony that the plaintiff had a 'license' was not such proof." *Reddix v. Chatham County Hosp. Auth.,* 134 Ga. App. 860, 862 (3) (216 SE2d 680) (1975).

As a general rule we cannot consider an attempted expansion of the original appeal to which no enumeration of error was made. *Shaver v. Aetna Finance Co.,* 148 Ga. App. 740, 741 (252 SE2d 684) (1979). However, here, while the best evidence rule was not expressly plead, Mrs. Hood did deny that she was indebted to the appellant for a real estate commission "in the capacity in which he has sued" and, having consistently denied this liabilty, it cannot be said that she has waived this objection. Thus no implied admission that Hudson was duly licensed as a broker arose here as in *Atlantis Realty Co. v. Morris,* 142 Ga. App. 470, 473 (3) (236 SE2d 163) (1977). Therefore, since Hudson's proof failed to show that there was no genuine issue of fact as to its broker's license, the trial judge did not err in denying its motions for partial summary judgment on the issue of Mrs. Hood's liability and damages. See *Robinson v. Thomas,* 131 Ga. App. 191 (205 SE2d 501) (1974).

*Judgment affirmed in part and reversed in part. Banke, Acting P. J., and Underwood, J., concur.*

ARGUED APRIL 10, 1979 — DECIDED OCTOBER 15, 1979.

*Richard W. Wilson, Jr.,* for appellant.
*Robert E. Martin,* for appellee.