## 35489. TARATUS v. SMITH et al.

NICHOLS, Chief Justice.

Certiorari was granted to review Division 2 of the opinion of the Court of Appeals in *Smith v. Taratus,* 151 Ga. App. 28 (258 SE2d 722) (1979). The facts insofar as necessary for a decision by this court are set forth in the opinion of the Court of Appeals.

The trial court properly directed a verdict for the defendant orthodontist at the close of the plaintiff's evidence if the plaintiff's evidence, together with all reasonable deductions therefrom, when construed in the light most favorable to the plaintiff as respondent to the defendant's motion for directed verdict, demanded a verdict for the defendant on plaintiff's count for breach of an alleged oral, express warranty to cure the patient's dental condition. *North Georgia Production Credit Association v. Vandergrift,* 239 Ga. 755, 761 (1) (238 SE2d 869) (1977).

The minor patient's mother's testimony was conclusory in nature, relating to her understanding or comprehension of what the defendant had meant by what he had said to her in medical jargon relating to the services that were to be performed by him in return for the fees he was to receive. The mother's testimony was that she was unable at the time of her testimony to recall, and really did not know, the medical or dental terms in which the defendant had described her daughter's condition but, in essence, that he had represented to her that he would cure her condition. She further testified that the defendant had released her daughter from treatment after stating that the condition for which orthodontic treatment had been contracted had been fully corrected.

This court agrees with the majority of the Court of Appeals that no particular form of words is necessary to constitute a warranty; rather, that the question is one of the intention of the parties. *Postell v. Boykin &c. Co.,* 86 Ga. App. 400, 402 (2) (71 SE2d 783) (1952). The problem with the plaintiff's proof, however, was perceived correctly by the dissenting judges of the Court of Appeals. Plaintiff's proof is that the defendant expressly promised to correct his daughter's dental condition and that at the

time the defendant discharged his daughter as a patient the defendant represented he had fully corrected the dental condition he had contracted to correct. This testimony is entirely vague as to the nature of the condition to be corrected or the services to be performed. It is impossible to ascertain from this testimony whether both parties to the alleged contract of express warranty "understood and agreed to the same thing." *Atlanta Tallow Co. v. John W. Eshelman & Sons,* 110 Ga. App. 737, 751 (140 SE2d 118) (1964). Hence, no enforceable contract of express warranty was proven, and the trial court properly directed a verdict for the defendant.

*Judgment reversed. Undercofler, P. J., Jordan, Hill, Bowles and Marshall, JJ., and Judge Charles L. Weltner concur. Clarke, J., not participating.*

ARGUED NOVEMBER 14, 1979 — DECIDED JANUARY 24, 1980.

*Daryll Love, Anthony L. Cochran,* for appellant.
*Peter J. Krebs, Palmer H. Ansley,* for appellees.