59606. TUCKER v. WHITEHEAD.

SHULMAN, Judge.
Plaintiff, H. M. Whitehead, Jr., brought suit against defendant, Mrs. Jean B. Tucker, for breach of contract. Defendant had employed plaintiff to design a shopping center, providing by contract that should the project be adandoned, "the architect [plaintiff] will be due actual out-of-pocket expense to [the date of abandonment]." The defendant subsequently sold the land upon which the shopping center was to have been built to a third party, Naradel of Georgia, Inc. (not a party to this appeal).

Although the agreement for the purchase of the property allegedly required Naradel to hold defendant harmless for any damages and expenses attributable to defendant's failure to perform under her contract with plaintiff, plaintiff did not receive his out-of-pocket expenses from either Naradel or the defendant. Plaintiff's suit resulted in a judgment against both Naradel and defendant for the full amount of his alleged out-of-pocket expenses. Defendant-Tucker brings this appeal from the trial court's

judgment. We affirm.

1. Contrary to appellant's assertions, the evidence did not demand a finding that plaintiff was equitably estopped to assert his claim against defendant. Although defendant raised the affirmative defense of equitable estoppel (for the elements of the defense of equitable estoppel, see *Bell v. Studdard,* 220 Ga. 756 (141 SE2d 536)), the evidence was conflicting on the issue of whether or not plaintiff had represented to defendant that he would, in the future, rely solely on Naradel for payment. Since the evidence did not demand a finding that defendant made representations in that regard such as would constitute a contract, the jury was authorized to reject the estoppel defense. *Fields v. Continental Ins. Co.,* 170 Ga. 28 (2b) (152 SE 60).

2. Appellant argues that plaintiff's failure to present evidence that he was a licensed architect, other than plaintiff's own testimony that he was a registered architect, precluded his recovery for "architectural services."

Although we agree that proof of plaintiff's compliance with the certification provisions of Code Ann. Ch. 84-3 was an essential element of his claim for damages (see in this regard *Management Search, Inc. v. Kinard,* 231 Ga. 26 (199 SE2d 899)), we cannot agree with appellant's assertions that plaintiff's testimony, alone, was insufficient evidence of his registration, as a matter of law.

Plaintiff's testimony that he was a certified architect, wherein he recited his certification number, while perhaps subject to a best evidence objection (see Code Ann. § 38-203), was unobjected to by defendant. While "under the best evidence rule '[m]ere testimony that the plaintiff had a "license" was not such proof' [cit.]"(*A. R. Hudson Realty, Inc. v. Hood,* 151 Ga. App. 778 (262 SE2d 189)), in the case at bar, no objection was raised on best evidence grounds to plaintiff's failure to introduce the writing of certification itself. See *Bowen v. Ken-Mar Const. Co.,* 152 Ga. App. 568 (1A) (263 SE2d 463). Moreover, the fact that the "best" evidence may not have been introduced into evidence does not belie the fact that *some* evidence was introduced at trial that plaintiff was properly licensed. This being so, we refuse to hold, as a matter of law, that plaintiff failed to produce "any" evidence of his architectural qualification. The trial court therefore did not err in entering judgment in accordance with the jury's verdict on this ground.

3. Nor do we find error in the trial court's admission of a certain letter into evidence as a business record. See Code Ann. § 38-711. Since there was testimony to the effect that such letter was in fact a bill itemizing plaintiff's accrued charges and expenses, sent to the defendant as a statement of plaintiff's out-of-pocket expenses, the court was authorized to admit the document into evidence as a

business record. See, e.g., *Benn v. McBride,* 140 Ga. App. 698 (231 SE2d 438).

4. Appellant argues that because the evidence showed that plaintiff had not paid all of his alleged out-of-pocket expenses (and, indeed, may be relieved from liability for some of his expenses by virtue of the statute of limitations), the judgment and verdict in favor of the plaintiff for the full amount of his accrued expenses were improper. Defendant contends that plaintiff's recovery is limited to the amount of his expenses that were actually paid out of his pocket or, in the alternative, to the amount of expenses actually paid, plus those for which plaintiff is still legally liable (i.e., where the statute of limitations has not otherwise barred recovery against plaintiff).

Since the term "out-of-pocket expense" was ambiguous, it was properly left for the jury to determine what constituted such expenses; that is, whether or not "actual out-of-pocket expense" included expenses which had accrued but had not yet been paid, or only those actually paid. In view of this ambiguity, it was for the jury to determine whether or not plaintiff was entitled to recover the whole of his expenses accrued to the date of abandonment of the project, regardless of whether or not he actually made such payments on or prior to the date of abandonment, and regardless of whether or not he remains liable for the payment for services rendered in connection with his employment with the defendant. The verdict and judgment, therefore, in the full amount of plaintiff's claimed out-of-pocket expenses were proper.

5. Since we are unpersuaded that appellant brought this appeal solely for purposes of delay, appellee's motion for damages under Code Ann. § 6-1801 is denied.

Finding no error for any reason assigned, the judgment of the trial court is affirmed.

*Judgment affirmed. Quillian, P. J., concurs. Carley, J., concurs in the judgment only.*

Argued March 4, 1980 — Decided June 27, 1980.

*Samuel G. Dettelbach,* for appellant.
*Gregory W. Sturgeon, Michael J. King,* for appellee.