60929. GEORGIA CENTRAL CREDIT UNION v. WEEMS.

CARLEY, Judge.

The appellant-credit union filed suit alleging that appellee was indebted to it on a promissory note dated November 1, 1973. Appellee admitted executing the note but denied any indebtedness thereunder. Appellee also counterclaimed alleging that appellant received usurious interest on the note.

The case was tried before the court without a jury. At the conclusion of appellant's evidence, appellee moved for an invol-

untary dismissal on the ground that appellant failed to prove that it was a licensed credit union at the time of the execution of the note. After hearing arguments, the trial court granted the motion. Appellant appeals from the order of the trial court setting forth its findings of fact and conclusions of law and rendering judgment against it.

1. Enumerations of error 1 and 3 will be considered together since both are addressed to the trial court's finding and conclusion "[t]hat due to [appellant's] failure to allege or prove that it was a licensed credit union under [Chapter 41A-30 Ga. Code Ann. or former Chapter 25-1 Ga. Code Ann.] at the time the loan was entered into, it is barred from recovering anything from the [appellee]." Essentially, the issue raised by these two enumerations is whether, in an action by a credit union to recover under a promissory note, the holding of such credentials as were required under former Code Ann. § 25-101 et seq. (present Code Ann. § 41A-30 et seq.) at the time of the transaction is a condition precedent to recovery. If so, the issue becomes whether it is necessary that the credit union prove the existence of such credentials as part of its case.

"It is the rule in this State, that, where a statute provides that persons proposing to engage in a certain business shall procure a license before being authorized to do so, and where it appears from the terms of the statute that it was enacted not merely as a revenue measure but was intended as a regulation of such business in the interest of the public, contracts made in violation of such statute are void and unenforceable. [Cits.]" *Pratt v. Sloan,* 41 Ga. App. 150, 153 (152 SE 275) (1929). In *McLamb v. Phillips,* 34 Ga. App. 210, 214 (129 SE 570) (1925), this court quoted with approval the following language: "Where a statute enacts, for the purpose of securing a more effectual compliance with its requirements in respect to the licensing of certain occupations, that no one shall engage in or carry on any such occupation until he shall have obtained the license as provided by law, it is an express prohibition without more particular words. [Cit.]" Accord, *Culverhouse v. Atlanta Assn. for Convalescent Aged Persons,* 127 Ga. App. 574, 577 (194 SE2d 299) (1972).

Examining the act here involved, we believe that the objective of regulation and control of credit unions runs throughout its provisions. The former act, Ga. L. 1925, pp. 169—177, was entitled "Credit Unions Regulated." At the time of the execution of the promissory note in the instant case — i.e., November 1, 1973 — credit unions were governed by former Ch. 25-1 Ga. Code Ann. While the former statute did not require the issuance of a permit per se, the bylaws had to be approved by the Superintendent of Banks under former Code Ann. § 25-103 "if he is satisfied that the proposed field of

operation is favorable to the success of said corporation, and that the standing of the proposed incorporators is such as to give assurance that its affairs will be properly administered." Only then was the Secretary of State authorized to issue a certificate of incorporation, which under former Code Ann. § 25-107 was proof of the credit union's organization and *right to do business in this state.* It was a misdemeanor for any person, corporation, etc., except those organized under the provisions of Ch. 25-1 et seq., to use any name or title containing the words "credit union" (former Code Ann. § 25-9901).

The authorities discussed above illustrate the plain intention of the legislature that the act under consideration in this case was not one for revenue purposes only, but provided for regulation and control, in the interest of public welfare, of the business of operating a credit union. Accordingly, we find that the holding of an approved certificate of incorporation in accordance with the former Code section is a condition precedent to recovery on a contract by a credit union. See *Management Search, Inc. v. Kinard,* 231 Ga. 26 (199 SE2d 899) (1973); *Proctor v. Lanier Collection Agency & Service, Inc.,* 147 Ga. App. 104 (248 SE2d 179) (1978); *DiMauro v. Barber,* 133 Ga. App. 590 (211 SE2d 624) (1974); *Beets v. Padgett,* 123 Ga. App. 68 (179 SE2d 560) (1970). And, the burden was upon the appellant to prove its existence. *Management Search, Inc. v. Kinard,* supra; *Culverhouse v. Atlanta Assn. for Convalescent Aged Persons,* supra. The record reveals that appellant neither alleged in its complaint nor offered any proof whatsoever at trial that it was organized pursuant to former Ch. 25-1 Ga. Code Ann., which was the regulatory statute in effect at the time of the execution of the note. Accordingly, we agree with the trial court's finding that, in the absence of such proof, appellant is barred from recovering on the note.

We find meritless appellant's argument that, by failing to raise the issue at the time of filing defensive pleadings and by filing a counterclaim, appellee waived his right to assert appellant's lack of evidence concerning the condition precedent to recovery. As previously noted, whether appellant was properly organized and licensed in accordance with the regulatory statute at the time of the transaction was a matter to be proved by appellant rather than a matter to be raised defensively by appellee. There was no implied admission that appellant was duly organized as a credit union by virtue of appellee's filing his counterclaim. Compare *Atlantis Realty Co. v. Morris,* 142 Ga. App. 470, 473 (3) (236 SE2d 163) (1977). For the foregoing reasons, Enumerations of error 1 and 3 are without merit.

2. In view of our ruling set forth in Division 1, it is unnecessary to consider the other error enumerated by appellant.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

Decided February 10, 1981.

*William A. Wehunt,* for appellant.
*Frank L. Derrickson,* for appellee.