## 61673. ZIMMERMAN v. MERRILL LYNCH, PIERCE, FENNER & SMITH, INC.

Pope, Judge.

Merrill Lynch, Pierce, Fenner & Smith Incorporated (hereinafter "Merrill Lynch") brought this action against appellant to recover $11,375.65 on an account for the trading of commodities. Following the presentation of evidence by both parties, the trial court directed a verdict in favor of Merrill Lynch.

1. The evidence showed that appellant opened a commodity trading account by executing a "Commodity Trading Agreement" with Merrill Lynch in May, 1978. Appellant traded in his account with periodic regularity until June, 1979 when his account was liquidated because he had refused to meet a margin call. Following liquidation his account had a debit balance of $11,375.65. Appellant contends that the trial court erred in granting Merrill Lynch's motion for directed verdict on the ground that Merrill Lynch failed to prove that it and its two account executives who handled appellant's account were properly licensed under the Commodity Exchange Act.

" 'It is the rule in this State that, where a statute provides that persons proposing to engage in a certain business shall procure a license before being authorized to do so, and where it appears from the terms of the statute that it was enacted not merely as a revenue measure but was intended as a regulation of such business in the interest of the public, contracts made in violation of such statute are void and unenforceable.' " *Bernstein v. Peters,* 68 Ga. App. 218 (1) (22 SE2d 614) (1942). "Accordingly, at whatever stage of the proceedings it appears that the plaintiff [here Merrill Lynch] is seeking to recover upon a contract permitted to be entered into only by persons holding licenses issued as a regulatory measure, it becomes imperative for the plaintiff to prove that he holds such a license and held such a license at the time the contract was entered into in order to authorize a recovery." *Management Search, Inc. v. Kinard,* 231 Ga. 26, 29 (199 SE2d 899) (1973).

In enacting the Commodity Exchange Act (hereinafter "Act"), Congress declared: "Transactions in commodity involving the sale thereof for future delivery as commonly conducted on boards of trade and known as 'futures' are affected with a national public interest; . . . the transactions and prices of commodity on such boards of trade are susceptible to speculation, manipulation, and control, and sudden or unreasonable fluctuations in the prices thereof frequently occur as a result of such speculation, manipulation, or control, which are detrimental to the producer or the consumer and the persons handling commodity and products and byproducts thereof in

interstate commerce, and such fluctuations in prices are an obstruction to and a burden upon interstate commerce in commodity and the products and byproducts thereof and render regulation imperative for the protection of such commerce and the national public interest therein." 7 USCA § 5. The Act requires any company such as Merrill Lynch engaging as a "futures commission merchant in soliciting orders or accepting orders for the purchase or sale of any commodity for future delivery, or involving any contracts of sale of any commodity for future delivery, on or subject to the rules of any contract market" to register with the Commodity Futures Trading Commission (hereinafter "CFTC"). 7 USCA §§ 6d and 6f. Also, any person associated with a futures commission merchant "in any capacity which involves (i) "the solicitation or acceptance of customers' orders (other than in a clerical capacity) or (ii) the supervision of any person or persons so engaged . . ." must register with the CFTC. 7 USCA § 6k.

Clearly the purpose of the Act is to regulate the trading of commodity futures in the interest of the public. Accordingly, under Georgia law Merrill Lynch had the burden at trial of establishing that the registration requirements of the Act had been met at the time of the subject transactions in order to recover on its cause of action. *Management Search, Inc. v. Kinard,* supra. Accord, *Tucker v. Whitehead,* 155 Ga. App. 104 (2) (270 SE2d 317) (1980); *Proctor v. Lanier Collection Agency &c., Inc.,* 147 Ga. App. 104 (248 SE2d 179) (1978); *Cobb v. Roush,* 144 Ga. App. 501 (241 SE2d 619) (1978); *Warren v. Key Personnel Consultants, Inc.,* 130 Ga. App. 22 (202 SE2d 210) (1973).

Pretermitting the question of whether the account executives who handled appellant's account were shown to have been properly registered, the evidence in this case was not sufficient to establish that Merrill Lynch itself had been properly registered with the CFTC at the time of the subject transactions. The transcript showed that the former office manager of the Atlanta commodity office of Merrill Lynch testified that Merrill Lynch was registered with the CFTC; this oral testimony was objected to on the ground that it was not the best evidence of such registration. Counsel for Merrill Lynch stated that his purpose in pursuing this line of questioning was simply to show that Merrill Lynch was experienced in dealing with commodity trading accounts. The trial court determined that CFTC registration was not an issue in this case and overruled appellant's objection. In light of our foregoing discussion, the trial court's ruling to the effect that CFTC registration need not be shown in this case was error. Furthermore, since appellant objected on best evidence grounds, Merrill Lynch was required to introduce the writing of registration

itself or satisfactorily account for its absence. *Tucker v. Whitehead,* supra; Code Ann. § 38-203. Additionally, since the Act requires annual registration (7 USCA § 6f), mere testimony at trial that Merrill Lynch was registered with the CFTC was not proof that it was properly registered *at the time of the subject transactions. A. R. Hudson Realty v. Hood,* 151 Ga. App. 778 (4) (262 SE2d 189) (1979); *Reddix v. Chatham County Hosp. Auth.,* 134 Ga. App. 860 (3) (216 SE2d 680) (1975).

The record showed that Merrill Lynch introduced into evidence over objection a certificate from the Secretary of State of Georgia to the effect that Merrill Lynch had been a duly licensed dealer in securities under the Georgia Securities Act since 1959. While this certificate was admissible to show Merrill Lynch's compliance with state law, it was of no probative value as to the issue of whether Merrill Lynch was properly registered under the Act, a federal statute.

Merrill Lynch asserts that compliance with the Act is not the "concern" of the Georgia courts and further that Georgia courts are barred by the Supremacy Clause of the United States Constitution (Code Ann. § 1-602) from imposing proof of registration in compliance with the Act as a condition precedent to recovery in this case. Merrill Lynch correctly points out that the federal Commodity Exchange Act has preempted state regulation of trading in commodity futures. Rasmussen v. Thomson & McKinnon Auchincloss Kohlmeyer, Inc., 608 F2d 175 (5) (5 Cir. 1979). The Act provides for enforcement of its provisions by the CFTC and by certain state officials (7 USCA § 13a et seq.) and also provides penalties for its violation (e.g., 7 USCA §§ 12c, 13, 13-1, 13b, 15 and 18). Nevertheless, we see no rational basis for distinguishing between this federal statute requiring registration prior to engaging in certain defined activities (and which is not merely a revenue producing measure) and state statutes of the same genre.

The issue in this case is not enforcement of the Act but recovery under an agreement involving a transaction for which the Act required Merrill Lynch to be registered *in the public interest.* It has long been the public policy of this state to encourage proper registration of those who seek to conduct business in a field regulated for the protection of the public. See *Bernstein v. Peters,* supra. In order to effectuate this policy, the courts of this state have adopted a rule to the effect that those who are required to be so registered must prove such registration as a condition precedent to recovery on a cause of action derived from the regulated activity. *Management Search, Inc. v. Kinard,* supra. Such a rule neither conflicts with nor interferes with federal regulation under the Act. Cf. Paine, Webber,

Jackson & Curtis, Inc. v. Lambert, 389 FSupp. 417 (2) (E. D. Tenn. 1975), affd. without opinion 524 F2d 1406. Merrill Lynch has proffered no citation of authority in support of its assertions nor does our review of the Act disclose a statutory prohibition against enforcement of this rule. Therefore, since Merrill Lynch failed to establish by proper evidence that it was registered under the Commodity Exchange Act during the time of the subject transactions, the judgment of the trial court must be reversed. See generally 53 CJS 711, Licenses, § 59; 51 AmJur2d 68, Licenses and Permits, § 63.

2. Appellant's remaining enumerations of error are without merit.

*Judgment reversed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED JULY 14, 1981 —
REHEARING DENIED JULY 31, 1981

*Ira S. Zuckerman,* for appellant.
*Paul W. Stivers, John J. Almond, Phillip S. McKinney, C. B. Rogers,* for appellee.