37998. MERRILL LYNCH, PIERCE, FENNER & SMITH v. ZIMMERMAN.

GREGORY, Justice.
Merrill Lynch sued Zimmerman to recover an amount allegedly due on a commodity trading account. At the close of the evidence the trial court directed a verdict in favor of Merrill Lynch. On appeal the Court of Appeals reversed. *Zimmerman v. Merrill Lynch &c., Inc.,* 159 Ga. App. 429 (283 SE2d 639) (1981). We granted certiorari to consider the following issue: Where a regulated business is required to prove that it is licensed in order to maintain an action for debt, does the best evidence rule require that the actual licensing document be entered into evidence, or will the testimony of an agent of the company be sufficient proof of licensing? We hold that the testimony of the agent is sufficient.

The transactions giving rise to the account in question in this case are governed by the Commodity Exchange Act which requires a company engaging as a commission merchant in soliciting orders or accepting orders for the purchase or sale of any commodity for future delivery be registered with the Commodity Futures Trading Commission, 7 USCA §§ 6d, 6f. We assume, without reaching the question, it was necessary that Merrill Lynch establish that it was registered with the Commodity Futures Trading Commission in order to recover on its account. The office manager of Merrill Lynch testified that the company was registered with the Commodity Futures Trading Commission. The testimony was objected to on the ground the highest and best evidence would be the documents of registration. The objection was overruled. The opinion of the Court of Appeals held it was error to overrule this objection.

The best evidence rule, more correctly denominated the original document rule is as follows: In order to prove the terms of a writing, where the terms are material, the original writing must be produced unless it is shown to be unavailable for some reason other than the serious fault of the proponent. Wigmore on Evidence, Vol. IV, §§ 1173, 1174; McCormick, § 230, p. 560. Agnor's Ga. Evidence § 13-1, p. 289; Green, Ga. Law of Evidence, § 100, p. 236. The rule is not one

which places evidence into preferred degrees. Rather, it recognizes the central position writings have in the law. In many instances significant rights turn on the precise language used in a writing. When that is the case, the law prefers the writing itself be produced. Production of the writing also permits it to be inspected for evidence of fraud. McCormick, § 231, p. 561. In the case at hand there is no issue as to the precise language used in the license or other registration documents. Neither is there any contention of fraud. The question is simply one of the fact of issuance of the license or registration. That fact does not involve the contents of a writing within the meaning of the original document rule. *Holcombe v. State,* 28 Ga. 66 (1859); *Green v. Johnson,* 153 Ga. 738, 750 (113 SE 402) (1922); *Hardy v. Hardy,* 221 Ga. 176, 180 (144 SE2d 172) (1965); *Butts v. Maryland Casualty Co.,* 52 Ga. App. 838, 840 (184 SE 774) (1935). Language which holds or implies to the contrary in the following opinions is disapproved: *Reddix v. Chatham County Hospital Auth.,* 134 Ga. App. 860 (216 SE2d 680) (1975); *Proctor v. Lanier Collection Agency &c., Inc.,* 147 Ga. App. 104 (248 SE2d 179) (1978); *A. R. Hudson Realty v. Hood,* 151 Ga. App. 778, 783 (262 SE2d 189) (1979); *Tucker v. Whitehead,* 155 Ga. App. 104, 105 (270 SE2d 317) (1980).

At trial the office manager testified he had been an employee of Merrill Lynch in various positions for a period of 15 years ending in May, 1980. His last position was office manager. He testified that he was familiar with the registration of Merrill Lynch during his employment, and that Merrill Lynch was registered with the C. F. T. C. (Commodity Futures Trading Commission). We hold the reasonable deduction from the testimony to be that Merrill Lynch was registered during the time of the transactions in question, May of 1978 until June of 1979. This testimony was properly admitted over a "best evidence" objection.

*Judgment reversed. All the Justices concur, except Smith, J., who dissents.*

Decided December 2, 1981.

·*C. B. Rogers, Paul W. Stivers,* for appellant.
*Ira S. Zuckerman,* for appellee.