72250. McALLISTER v. RAZOOK.
(349 SE2d 810)

BEASLEY, Judge.

Dr. Razook brought an action on an account for dental services to

Susan McAllister. McAllister counterclaimed against Razook alleging medical malpractice. After discovery, Razook filed a motion for summary judgment. During the course of proceedings prior to hearing on the motion, McAllister amended the counterclaim and raised the issue of her entitlement to recover based on the theory of breach of warranty. The trial court granted Razook's motion, dismissed McAllister's counterclaim and entered judgment for Razook in the amount sought. McAllister asserts error in the granting of the motion both as to her counterclaim and as to the main complaint.

1. Razook testified as to his performance regarding treatment of McAllister and she now concedes that her claim of malpractice was not sustainable. However, she contends that he breached his warranty to "maintain her in a state of comfort and health."

McAllister's contention rests on a letter written by Razook to her insurance company wherein he set out a treatment plan and listed the cost involved, $2,360. Contained in the letter was this language: "In order to maintain her [McAllister] in a state of comfort and health and to continue to promote proper muscle function and relaxation the following more permanent treatment will be necessary."[1] Thereafter the prescribed course of treatment was set forth.

McAllister principally relies on *Taratus v. Smith*, 245 Ga. 107 (263 SE2d 145) (1980), which recognized that one might recover for a dentist's breach of warranty to effect a cure. However, that decision also held that there must be an enforceable contract of express warranty. Here, regardless of the difficulties inherent in this situation as to whether the letter to McAllister's insurance company constituted a contract, third party or otherwise, as to her, the language used does not constitute an express warranty to cure her condition or maintain her in comfort and health. In context the words were merely prefatory with no connotation of promise or warranty. See *Kushner v. McLarty*, 165 Ga. App. 400, 403 (2) (300 SE2d 531) (1983).

It was not error to grant summary judgment as to defendant's counterclaim.

2. As to the summary judgment grant on Razook's complaint, the paramount consideration is whether plaintiff carried his burden of demonstrating there was no genuine issue of material fact and he was entitled to judgment. *Smith v. Sandersville Production &c. Assn.*, 229 Ga. 65 (189 SE2d 432) (1972).

(a) We dispose summarily with McAllister's argument that Razook failed to establish that he was licensed. See *Management Search v. Kinard*, 231 Ga. 26 (199 SE2d 899). Here, Razook testified

---

[1] McAllister was suffering from (and being treated for) myofacial dysfunction syndrome resulting in pain on the left side of her face.

by affidavit that he was duly licensed to practice dentistry in Georgia. This was sufficient. *Merrill Lynch &c. v. Zimmerman,* 248 Ga. 580 (285 SE2d 181) (1981). The case cited by McAllister, *Reddix v. Chatham County Hosp.,* 134 Ga. App. 860, 862 (3) (216 SE2d 680) (1975) was disapproved by *Zimmerman,* supra.

(b) Did Razook otherwise demonstrate he was entitled to recover on an account? "A physician in an action to recover for professional services rendered has the burden of proving their value as represented by the ordinary and reasonable fee for the services." *Culverhouse v. Jackson,* 127 Ga. App. 635 (194 SE2d 585) (1972). Razook stated in his affidavit that: "The charges rendered to Ms. McAllister are the ordinary and reasonable charges of those similarly situated to me in the dental community."

While this would meet the test set forth in *Culverhouse,* supra, plaintiff's burden is not wholly satisfied by the mere recitation of "magic words." In an action on an unsettled account "[s]ome testimony is required tending to prove its correctness and the fact that it is due and owing . . . [T]he proof must go to the separate items of the account, and evidence tending to show that defendant was indebted to plaintiff in some amount is not such proof as is required to entitle plaintiff to a verdict." 1 AmJur2d 391, Accounts, § 19. Compare *Guy v. Riley,* 51 Ga. App. 404 (2a) (180 SE 624) (1935).

Razook affirmed generally that his "treatment included fabrication of appliances and the fabrication and insertion of crowns and bridges." The statement sent to McAllister contained four described items totalling $135 plus an item designated "total case" of $5,250 producing a balance of $5,385. From this $935 was subtracted, giving an adjusted balance of $4,450. This was the amount sought in suit and granted by judgment. The letter setting out the proposed treatment listed various procedures amounting to $2,360, which were completed as evidenced by the "attending dentist's statement." However, this falls short of indicating by what manner the figure of $5,250 was derived or what specifically it was for; there is no itemization.

This is, after all, a suit on an account and defendant is entitled to be informed of the services for which she is being charged. Terminology such as "total case" lacks the requisite specificity to enable the defendant to dispute the accuracy of plaintiff's assertions. How could an expert witness for defendant dispute whether the charges in question were "ordinary and reasonable" when there is no indication for what services those charges were sought? Plaintiff did establish a right to recover $2,360 plus $135 (unless the $135 was reversed as part of the adjustment). As to charges in excess thereof there is some evidence that an amount is owed but there is an insufficient basis for that unexplained lump sum.

Plaintiff was not entitled to summary judgment for the total sum

sued upon.

*Judgment affirmed in part and reversed in part. Deen, P. J., concurs. Benham, J., concurs in the judgment only.*

DECIDED OCTOBER 20, 1986.

*Louis F. Ricciuti, Deborah Heyman,* for appellant.
*Joseph W. Watkins, Susan G. Fyvolent,* for appellee.