## 77374. SERVAIS v. PHILBRICK et al.

### (380 SE2d 496)

BEASLEY, Judge.

Servais sued Dr. Philbrick and Savannah Radiologists, P.A., alleging that while acting within the scope of his employment with the latter, Dr. Philbrick improperly performed an arteriogram procedure which caused permanent injuries. Servais sought damages under the theories of medical malpractice and breach of contract in that Dr. Philbrick had expressly warranted he would not suffer any ill effects. The appeal, pursuant to OCGA § 9-11-56 (h), is from an order granting the defendants' motion for summary judgment on the express warranty claim.

Servais contends that the affidavits of the parties raise material issues of fact. His affidavit states that Dr. Philbrick had "expressly assured" him that the procedure would be "routine" and that there was "nothing to worry about." He further swore that Dr. Philbrick never explained any "untoward reactions" that might be encountered or told him about any recognized complications such as he has suffered, thereby causing him to accept and rely on Dr. Philbrick's representations in agreeing to undergo the arteriogram.

Dr. Philbrick averred that before performing the arteriogram he "believed" he explained the major untoward reactions to Servais; that at no time did he expressly warrant the results of the treatment and

never used any language to suggest that the procedure would be free of complications; that he did not tell Servais that what he was going to do would be "routine" or that he would have "nothing to worry about" or that there should be no "concern" about the procedure.

This case is controlled by *Taratus v. Smith*, 245 Ga. 107 (263 SE2d 145) (1980). Accord *McAllister v. Razook*, 180 Ga. App. 585 (1) (349 SE2d 810) (1986).

The alleged statements are too vague to ascertain therefrom that "both parties to the alleged contract of express warranty 'understood and agreed to the same thing.' [Cit.]" *Taratus v. Smith*, 245 Ga. 107, 108 (263 SE2d 145) (1980). "To recover for an express warranty it is necessary to show that the statement was intended to be an express warranty and that it was relied upon as such. [Cit.] '(M)ere words of recommendation are not sufficient to constitute such a warranty.' [Cit.]" *Kushner v. McLarty*, 165 Ga. App. 400, 403 (2) (300 SE2d 531) (1983).

Dr. Philbrick's statements do not constitute an express warranty that the proposed medical treatment would be totally risk free. "In context the words were merely prefatory with no connotation of promise or warranty. [Cit.]" *McAllister v. Razook*, 180 Ga. App. 585, 586 (1) (349 SE2d 810) (1986). Hence, no enforceable contract of express warranty arose and summary judgment on this claim was correct.

*Judgment affirmed. Carley, C. J., Deen, P. J., Birdsong, Sognier and Benham, JJ., concur. McMurray, P. J., Banke, P. J., and Pope, J., dissent.*

BANKE, Presiding Judge, dissenting.

This case is controlled neither by *Taratus v. Smith*, 245 Ga. 107 (263 SE2d 145) (1980), nor by *McAllister v. Razook*, 180 Ga. App. 585 (1) (349 SE2d 810) (1986).

In *Taratus*, a dentist was sued for breach of an express oral warranty to correct or "cure" a patient's "dental condition." The Supreme Court upheld a directed verdict for the dentist on that claim, as follows: "Plaintiff's proof is that the defendant expressly promised to correct his daughter's dental condition and that at the time the defendant discharged his daughter as a patient the defendant represented he had fully corrected the dental condition he had contracted to correct. This testimony is entirely vague as to the nature of the condition to be corrected or the services to be performed. It is impossible to ascertain from this testimony whether both parties to the alleged contract of express warranty 'understood and agreed to the same thing.' [Cit.]" Id. 245 Ga. at 107-8.

In *McAllister*, a dentist was sued for breach of an alleged warranty to "maintain [the patient] in a state of comfort and health."

The claim was predicated on the following language contained in a letter sent by the dentist to the patient's insurance company, outlining the course of treatment he had prescribed for the patient: "In order to maintain her in a state of comfort and health and to continue to promote proper muscle function and relaxation the following more permanent treatment will be necessary." Concluding that "the[se] words were merely prefatory with no connotation of promise or warranty," this court held that the dentist was entitled to summary judgment on the claim. Id. 180 Ga. App. at 586.

The plaintiff in the present case does not contend that the defendant breached a promise to cure him or maintain him in a state of comfort and health. Rather, he contends that, by assuring him prior to performing the arteriogram that the procedure was "routine" and that there was "nothing to worry about," the defendant falsely represented to him that there were no recognized complications associated with the procedure. I do not believe we can conclude as a matter of law that the plaintiff's interpretation of the alleged assurances was unreasonable under the circumstances, nor do I believe that such a representation can be equated with a vague undertaking to effect a cure or to maintain a patient's health. Being of the opinion that a material factual dispute exists in this case with respect to whether the defendant actively misrepresented the risks associated with the procedure, I would hold that the trial court erred in granting the defendant's motion for summary judgment. Accord *Spikes v. Heath*, 175 Ga. App. 187 (2) (332 SE2d 889) (1985). See generally OCGA § 31-9-6 (d).

I am authorized to state that Presiding Judge McMurray and Judge Pope join in this dissent.

DECIDED MARCH 10, 1989 —
REHEARING DENIED MARCH 22, 1989 —

*Joseph B. Bergen, Frederick S. Bergen*, for appellant.
*Oliver, Maner & Gray, Thomas A. Withers*, for appellees.