A89A0252. BARBER v. THE STATE.
(385 SE2d 15)

BEASLEY, Judge.

Defendant appeals his conviction of armed robbery, OCGA § 16-8-41.

During the trial, defendant and Lewis, a co-indictee, were identified as being at the scene of the crime, a convenience store. Defendant asserted that he had no prior knowledge that Lewis was going to rob the store, that he acted out of fear, and never possessed the weapon used to accomplish the robbery. At the close of the State's evidence, defendant attempted to call Lewis in order to examine him with regard to his prior statement to the committing magistrate which tended to exonerate defendant as a participant in the crime. Lewis had previously pled guilty but had not been sentenced as the State anticipated calling him as a witness based on Lewis' statements to the police implicating defendant instead. He was not called by the State. When defendant sought to call Lewis as his witness, Lewis refused to testify.

At a hearing out of the presence of the jury, Lewis reiterated his reliance upon the protections of the Fifth Amendment to the United States Constitution. It was brought out that when interviewed by the prosecutor prior to the trial, Lewis gave a different version of the events from those he previously gave to the police. At that point in the interview, the Assistant District Attorney warned Lewis of the penalties for perjury and of the maximum sentence he could receive for the charged offense. During the hearing, Lewis stated that from "day one" he did not want to testify and explained that the interview had no effect on his decision.

The trial court determined that because Lewis had not been sentenced on his guilty plea entered just before this trial, he had not waived his Fifth Amendment privilege and therefore he would not be compelled to testify.

1. Defendant contends that the court erred in not allowing him to examine Lewis in front of the jury with regard to his conversation with the district attorney, since Lewis had not invoked the privilege as to that particular matter. Defendant sought to show by this evidence that the reason co-defendant Lewis refused to testify as his wit-

ness was the negative influence of the district attorney. This would tend to prove, he argued, that Lewis would have corroborated defendant's testimony that he was not involved in the armed robbery. The jury already knew of Lewis' guilty plea. Defendant wanted to dispel any inference that there were two guilty parties.

The trouble with appellant's position is that even if the Fifth Amendment did not apply to this testimony either as a matter of law or because it was not invoked in regard to it, the proffered evidence did not support the fact for which it was being elicited. Defense counsel had asked whether the discussion Lewis had with the assistant district attorney influenced his decision whether to testify or not. Lewis replied: "I said from day one I did not want to testify. When you [defense counsel] came up to the jail I was not going to testify. I told him I did not want to testify. I've entered my plea. And I figured that was it, the case was closed." The court then asked: "It's been your intention all along that you didn't want to testify?" Lewis answered: "Yes."

Since the evidence would not tend to show even inferentially that co-defendant would have exonerated defendant, it was not relevant and the court did not err in excluding it.

2. Defendant was faced with the lack of the co-defendant's testimony that defendant was not involved. He then sought to introduce the testimony of the magistrate to the effect that Lewis had said at the committal hearing, after being advised of his rights and of the charge: "I'd just like to say these other fellows didn't have anything to do with it."

Defendant attempts to distinguish *Timberlake v. State*, 246 Ga. 488, 492 (1) (271 SE2d 792) (1980), but we perceive no distinction which would render admissible the testimony about the co-defendant's unsworn, unrecorded, later-contradicted statement.

3. The trial court's refusal to grant a mistrial after the jury took only ten minutes to return its guilty verdict is enumerated as error. The length of time taken by the jury to reach its unanimous verdict is no indication of its failure to adhere to the trial court's instructions. Jury misconduct must be *shown. Mullis v. State*, 248 Ga. 338, 341 (10) (282 SE2d 334) (1981). There was no error in denying the motion for mistrial.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED JULY 14, 1989.

*John J. Martin, Jr.*, for appellant.
*Robert F. Mumford, District Attorney, William F. Todd, Jr., As-*

*sistant District Attorney*, for appellee.