A90A0393. HUTCHINSON et al. v. PERKINS.
(391 SE2d 122)

DEEN, Presiding Judge.

The Hutchinsons, appellants here, appeal from a directed verdict awarded appellee in a trial of a dispute over monies allegedly due plaintiffs/appellants for repair work performed on a Greene County residence owned by a third person not a party to the action below. The appellants enumerate as error the general grounds and the trial court's direction of a verdict at the close of their evidence. *Held*:

1. No trial transcript was filed with this court because the proceeding was not reported. The parties have filed in lieu of a transcript, however, a "Stipulation of Case" prepared pursuant to OCGA § 5-6-41 (i). Scrutiny of this document reveals that each of the parties made a series of statements from the witness stand, some of which are in general agreement with the statements of the other party and others of which differ widely. The chief issue appears to be whether the plaintiffs/appellants were employees of defendant/appellee, as they contend; or whether, as appellee argues, each of the appellants, as well as appellee himself, was working as an independent contractor. The statements reveal that, although appellee physically received the bid sheet from the owner of the house, all of the parties discussed it and together arrived at the proposed price for the job; that all inspected the job site; that all of them discussed the project with the owner; that there was no agreement as to what the hourly, daily, or weekly pay of each was to be, but that it was agreed that the monies left over after supplies, etc., had been paid for was to be divided among the group in an agreed-upon manner; and that at the time the contract was terminated by the owner, each plaintiff received from the owner a payment of approximately $1,000, a sum at the "low end" of the range that they had estimated that each would clear upon completion of the job. (The work was 90 percent completed when the owner terminated the contract.)

At the close of plaintiffs/appellants' evidence the trial court granted defendant/appellee's motion for directed verdict as to all plaintiffs, citing novation as the legal theory upon which the verdict was based. Our scrutiny of the stipulation reveals no error of law in the proceedings. Moreover, although superficially the evidence was far from harmonious, there was sufficient competent evidence to authorize the trial court to conclude that there existed no genuine conflict as to any *material* issue. OCGA § 9-11-50 (a). Appellants' second and

third enumerations therefore have no merit. It is well settled that the appellate court assesses only the sufficiency of the evidence, not its weight. *Anfield v. State,* 188 Ga. App. 345 (373 SE2d 51) (1988). Consequently, the fourth enumeration is also without merit.

2. As to appellants' first enumeration, it follows from our discussion in Division 1 that there was no error in the trial court's directing a verdict for appellee. OCGA § 9-11-50 (a). One who urges error must prove it by the record, *In re Holly,* 188 Ga. App. 202 (372 SE2d 479) (1988), and the account of the proceedings below is couched in such terms as to fall short of demonstrating the occurrence of any error. "We must take our evidence from the record and not from the brief." *Blue v. R. L. Glosson Contracting Co.,* 173 Ga. App. 622, 623 (327 SE2d 582) (1985). Plaintiffs/appellants have failed to carry their burden of affirmatively showing error by the record, and the judgment below must therefore be affirmed. *Craigmiles v. Craigmiles,* 237 Ga. 498 (228 SE2d 882) (1976). See also *Williams v. State,* 183 Ga. App. 373 (358 SE2d 914) (1987).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JANUARY 24, 1990 —
REHEARING DENIED FEBRUARY 5, 1990 — 

*David G. Kopp,* for appellants.
*Roosevelt Warren,* for appellee.