A91A1567. MYERS v. WYNN.
(412 SE2d 581)

BIRDSONG, Presiding Judge.

Appellant Hazel P. Myers appeals a jury verdict awarding appellee/plaintiff Johnnie Wynn $7,500 plus interest. Wynn claimed this amount was owed her for a real estate sales commission which Myers failed to pay and converted to her own use. Wynn worked for appellant Myers' realty company as a real estate salesperson in 1989 when this commission was earned. Myers contended she had done all the work on the sale and that Wynn's name appeared on the sales documents only because Myers was unable to attend the closing. Wynn also claimed Myers was indebted to her for a loan of $6,000 which Wynn had made to Myers' corporation. At trial, the purchaser of the real estate testified Wynn had been the only person involved in nego-

tiating the sale of the property.

On appeal Myers contends the trial court erred in failing to direct a verdict in her favor, since appellee Wynn failed to prove she was a real estate licensee in Georgia when the alleged cause of action arose, as required by OCGA § 43-40-24. *Held*:

As to the requirement to prove a license for the purpose of suing on a contract permitted to be entered only by licensed persons, *Management Search v. Kinard*, 231 Ga. 26, 28 (3) (199 SE2d 899) held that under the Civil Practice Act it is not necessary for the plaintiff to plead the existence of such a license in order to state a claim (Id.; *Maxwell v. Tucker*, 118 Ga. App. 695, 698 (165 SE2d 459)); but, "at whatever stage of the proceedings it appears that the plaintiff is seeking to recover upon a contract permitted to be entered into only by persons holding licenses issued as a regulatory measure, it becomes imperative for the plaintiff to prove that he holds such a license and held such license at the time the contract was entered into in order to authorize a recovery." *Management Search*, supra at 29; *Culverhouse v. Atlanta Assn. &c. Persons*, 127 Ga. App. 574, 578 (194 SE2d 299).

Appellant asserts the record contains no evidence that Wynn was duly licensed at the time this cause of action arose. However, only part of the trial was reported. Wynn contends that in the part not reported, appellant herself testified to the fact that Wynn was a licensee, but as to this assertion we are governed by the rule that briefs cannot be used in lieu of the record or transcript for adding evidence to the record. *Star Mfg. v. Edenfield*, 191 Ga. App. 665, 667 (382 SE2d 706). Therefore, we do not consider Wynn's assertions in her brief that there was evidence presented which proved she was a licensee.

Nevertheless, appellant has the burden on appeal to show error by the record (*Hutchinson v. Perkins*, 194 Ga. App. 389 (391 SE2d 122)), and although at trial the burden of proof lay on appellee to prove she was licensed in order to recover, appellant "still had the duty to prepare a record sufficient for this court to review the judgment of the court below" (*Lee v. Fuerst & Davis*, 173 Ga. App. 362, 363 (326 SE2d 482)); and where the record is inadequate to determine the utter lack of any evidence that plaintiff was properly licensed, "we must assume that the judgment below . . . was correct." Id.

The record does disclose that when appellant made her motion for directed verdict on the issue, the trial court refused, saying: "[Wynn was] hired to sell real estate by [Myers] and I'm sure that [Myers] is not claiming she violated her broker's oath by hiring an unlicensed agent." The trial court noted further that evidence that Wynn was licensed was in the parties' employment agreement; "it's in there . . . you're going to find a reference to the license." In fact, although we find no such clear reference to Wynn's having a license, an

addendum to the employment contract executed by appellant and by Wynn provides: "The salesperson [Wynn] shall have no authority to bind . . . the broker by any promise or representation, unless specifically authorized to do so by the broker, in writing, in a particular transaction; provided, however, that the salesperson shall be and is hereby authorized to execute contracts of sale, leases, and listing agreements for and on behalf of H. Myers Realty, Inc. as agent. . . ." This statement and other evidence show appellant "dealt with appellee in [her] capacity as a real estate [agent]. Thus, there was a tacit admission by appellant that appellee . . . was licensed to receive the [real estate] commission." *Newman v. James M. Vardaman & Co.*, 162 Ga. App. 878, 881 (293 SE2d 462). Just as plaintiff was not required to allege the fact of her license in her complaint and a motion to dismiss on the pleadings would not be authorized unless it affirmatively appeared that she was not duly licensed (*Management Search*, supra at 29), likewise, a reversal of the trial court's refusal to grant appellant a directed verdict on the issue is not authorized following a jury verdict in appellee's favor, unless it affirmatively appears that plaintiff was not licensed and not entitled to recover on the contract as a matter of law. Since it does not affirmatively appear that Wynn was not licensed and therefore was not entitled to recover as a matter of law, and the evidence shows appellant dealt with Wynn in Wynn's capacity as a licensed real estate sales agent, and appellant has not provided us with a complete transcript from which to determine the trial court erred, appellant has not borne her burden on appeal to prove that the evidence did not support the jury verdict. She has not shown error by the record. Accordingly, we must assume the judgment below was correct. *Lee*, supra.

Inasmuch as we affirm the verdict as to recovery on the real estate commission, we find it unnecessary to consider appellee's argument that the jury's verdict arguably represented a recovery on the loan and not on the commission; we note, however, that the evidence showed the loan amount was $6,000, while the commission amount for which Wynn sued, $7,500, matched the verdict for $7,500.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED NOVEMBER 5, 1991.

*Daniel F. Byrne*, for appellant.
*Darrel L. Hopson*, for appellee.