A92A0876, A92A0877. WHITE v. ATLANTA HOUSING
AUTHORITY; and vice versa.
(423 SE2d 40)

COOPER, Judge.

Appellant was employed by appellee Atlanta Housing Authority ("AHA") as a maintenance supervisor for two of its housing projects, Jonesboro North/South and Gilbert Gardens. His duties included recording the distribution of supplies for work performed at the facilities and gave him access to the keys to the various places in which AHA stored supplies. In 1987, a report by an AHA employee to the manager of Jonesboro North/South that she observed appellant loading AHA supplies into his van led to an investigation by AHA's chief of security, Roosevelt Profit. After a comprehensive inventory, Profit determined that 150 gallons of white paint and a quantity of lumber from Jonesboro North/South were unaccounted for. Appellant was asked to explain the disappearance of the paint. He stated that the paint was issued to contractors as needed. Profit asked appellant for documentation to support his explanation which appellant agreed to supply; however, after repeated requests appellant never produced documentation. Profit then reported the matter to the police. Following an investigation, the police determined there was probable cause to arrest appellant for theft. Profit swore out a warrant against appellant which was served; however, the case was subsequently dismissed for want of prosecution.

Appellant brought the instant action against AHA for malicious prosecution and false arrest. The case was tried before a jury, and at the close of appellant's case, AHA moved for a directed verdict. The trial court granted AHA's motion, finding that appellant failed in its burden to show malice. In Case No. A92A0876, appellant appeals the

trial court's grant of the directed verdict. In Case No. A92A0877, AHA cross-appeals on the ground that the trial court erred in declining to find that appellant failed to prove other essential elements of the causes of action, specifically, the lack of probable cause and the existence of a prosecution.

1. Appellant contends the evidence adduced at trial demonstrates a total lack of probable cause from which the jury could infer malice. We disagree. Both lack of probable cause and malice "must be established by the [appellant] in order to carry [his] burden of proof. [Cits.]" *K Mart Corp. v. Griffin*, 189 Ga. App. 225, 226 (375 SE2d 257) (1988). Malice may be inferred from a *total* lack of probable cause, OCGA § 51-7-44; however, " ' "where there is no evidence of malice other than such inference as may be drawn from proof of the want of probable cause, and that proof shows some circumstances pointing to the guilt of the accused, although insufficient to exclude every other reasonable hypothesis, the essential ingredient of malice is not so established as to entitle the plaintiff in an action for malicious prosecution (or malicious arrest) to recover." ' [Cit.]" *Barber v. H & H Muller Enterprises*, 197 Ga. App. 126, 130 (2) (397 SE2d 563) (1990). "Probable cause is absent when the circumstances would satisfy a reasonable person that the accuser had no ground for proceeding except a desire to injure the accused. OCGA § 51-7-43. Although a jury normally decides whether probable cause exists, the judge determines the issue when the material facts are undisputed. [Cits.]" *K-Mart Corp. v. Coker*, 261 Ga. 745, 746 (1) (410 SE2d 425) (1991). The evidence indisputably established that appellant was observed placing supplies from Jonesboro North/South into his personal vehicle; that he had been entrusted with the missing paint; that he was unable to document the location of the missing paint; and that the police determined after an investigation that there was probable cause to arrest appellant, thus demonstrating that AHA had a reasonable basis for instigating a criminal prosecution against appellant.

2. Relying on the definition of malice discussed in *Worn v. Warren*, 191 Ga. App. 448 (1) (382 SE2d 112) (1989), appellant contends the circumstances show "a general disregard of the right consideration of mankind, directed by chance against the individual" because he was forced by Profit to prove his innocence or be subject to criminal prosecution. This argument is without merit as we have formerly held that "entrustment of money to an employee who does not make a proper accounting when asked to do so, constitutes probable cause to believe that the employee is guilty of defalcation. [Cit.]" *Fisher v. Kentucky Fried Chicken*, 175 Ga. App. 542, 545 (333 SE2d 877) (1985).

3. Finally, appellant argues that by transferring him to the position of maintenance supervisor of Jonesboro North/South and Gilbert

Gardens immediately before the discovery of the missing supplies, AHA officials conspired to "set [him] up to take the blame for the missing paint." Appellant contends that his supervisor, with whom he had no relationship, insisted that they drive to see the dog races in Alabama; that on the trip the supervisor prodded him to transfer to the projects; and that the manager of Jonesboro North/South and the supervisor worded the transfer he was asked to sign. Appellant suggests that these officials knew about the shortages and set him up to save themselves. On the other hand, the evidence at trial established that appellant and his supervisor had known each other for "thirty some odd years"; that appellant's prior job performance at a larger project had suffered; that the supervisor, aware of appellant's problems, offered him the opportunity to transfer to a smaller project in an effort to save appellant's job; and that the supervisor "recommended" the transfer. "[A]lthough superficially the evidence was far from harmonious, there was sufficient competent evidence to authorize the trial court to conclude that there existed no genuine conflict as to any *material* issue. OCGA § 9-11-50 (a). . . . It is well settled that the appellate court assesses only the sufficiency of the evidence, not its weight. [Cit.]" *Hutchinson v. Perkins*, 194 Ga. App. 389 (1) (391 SE2d 122) (1990). Accordingly, the trial court did not err in granting a directed verdict.

4. In its cross-appeal, AHA argues two alternative bases upon which the trial court should have granted its motion for directed verdict. However, our disposition in Case No. A92A0876 renders the cross-appeal moot. Accordingly, Case No. A92A0877 is dismissed. OCGA § 5-6-48 (b) (3).

*Judgment affirmed in Case No. A92A0876. Case No. A92A0877 dismissed. Sognier, C. J., and McMurray, P. J., concur.*

Decided September 25, 1992.

*Jerry B. Hatcher,* for appellant.
*Mack & Bernstein, Nina H. Perry,* for appellee.