S98A1268. SCOTT v. THE STATE.
(507 SE2d 728)

THOMPSON, Justice.

Can a defendant who testifies in his own behalf be compelled on cross-examination to demonstrate the actions to which he testified on direct examination? Yes, he can.

David M. Scott II was convicted of malice murder in connection with the death of William Castleberry.[1] Scott and Castleberry were both inmates at the Clayton County Detention Center. On the day in question, Castleberry stabbed Scott in the neck with a piece of wood. Scott tried to get away but Castleberry pursued him. At that point, Scott hit Castleberry in the face. The piece of wood flew out of his hands. Scott then kicked Castleberry repeatedly, first as he tried to get up, then as he lay on the floor. When officers arrived, Castleberry was unconscious and in a fetal position. He died later that day from head injuries, including a fractured skull, and bruises on his left forehead, behind his left ear, and the right side of his face. Castleberry also had bruises to his arms, right hand, and right thigh.

1. The evidence was sufficient to enable any rational trier of fact to find Scott guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. At trial, Scott took the witness stand and testified on his own behalf. On direct examination, Scott testified that he kicked Castleberry in self-defense. More particularly, Scott told the jury that he

---

[1] The murder occurred on February 24, 1996. Scott was indicted on January 8, 1997. Trial commenced on June 9, 1997, and the jury returned its verdict finding Scott guilty on June 11, 1997. The trial court sentenced Scott on June 24, 1997, to life imprisonment, and Scott filed a timely motion for a new trial. The motion was denied on January 8, 1998, and Scott filed a notice of appeal on February 6, 1998. The case was docketed in this Court on May 4, 1998, and submitted for decision on briefs on June 29, 1998.

began kicking as Castleberry tried to get up; that he first kicked him in the cheek; that he kicked him between five and seven times in the stomach, face, arms and chest; and that he did not aim any of the kicks at Castleberry's head. On cross-examination, the State asked Scott to demonstrate how he kicked Castleberry. Scott's counsel objected, asserting his client did "not have to do that." The objection was overruled and Scott demonstrated how he kicked Castleberry. On appeal, Scott argues for the first time that the trial court erred in compelling him to give evidence against himself in violation of Art. I, Sec. I, Par. XVI of the Constitution of the State of Georgia, and his statutory right against self-incrimination. OCGA § 24-9-20. However, "[g]enerally, grounds which may be considered on appeal are limited to those which were raised before the trial court." *Barnes v. State*, 269 Ga. 345, 357 (26) (496 SE2d 674) (1998).

Even if Scott had raised his self-incrimination argument in the trial court, we would find no error. Although a criminal defendant cannot be compelled to testify against himself, OCGA § 24-9-20 (a), once he elects to testify and takes the stand, he can be examined and cross-examined as any other witness.[2] OCGA § 24-9-20 (b); *Dickey v. State*, 240 Ga. 634, 641 (242 SE2d 55) (1978) (having elected to testify, defendant became obligated to answer all relevant questions on cross-examination). Thus, when a defendant voluntarily testifies to matters on direct examination, he can be cross-examined, and required to give a physical demonstration, concerning those matters. *Henderson v. State*, 153 Ga. App. 801, 804 (4) (266 SE2d 522) (1980). See also *State v. Thornton*, 498 NW2d 670 (Iowa 1993), and cases cited therein; *Ivey v. State*, 369 S2d 1276, 1279 (Ala.Cr.App. 1979).

On direct examination, Scott voluntarily testified that he kicked Castleberry. It follows that the State was entitled to cross-examine Scott as to how he went about kicking Castleberry, and, in so doing, to require Scott to demonstrate his actions physically. *Henderson v. State*, supra.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 2, 1998.

*George E. Tanner,* for appellant.

*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K.*

---

[2] However, evidence of general bad character or prior convictions is not admissible unless the defendant first puts his character in issue.

*Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General,* for appellee.