## A00A0284. FULLER v. THE STATE.
### (536 SE2d 296)

POPE, Presiding Judge.

James Stanley Fuller entered a plea of nolo contendere to two counts of theft by conversion. Pursuant to the plea agreement, the court held a hearing to determine whether Fuller's sentence would be probated and to determine if Fuller owed restitution. At the start of the sentencing and restitution hearing, the State's attorney questioned Fuller regarding the terms and voluntariness of his plea. Fuller showed that he understood the consequences of his plea and that he understood that he was waiving his rights with respect to the plea. The court then questioned Fuller regarding the plea and his waiver.

The State called several witnesses regarding Fuller's sentence. Then the State called Fuller as a witness on cross-examination, and defense counsel objected. Nevertheless, the court overruled the objection and allowed the State to proceed.

After the hearing, the court entered an order sentencing Fuller to two consecutive ten-year sentences to be served on probation and ordering him to perform eighty hours of community service. The court also ordered Fuller to pay restitution to the victim, his former employer Macon Beauty Supply, the sum of $300,000. The court later entered a supplementary order in which it specified that Fuller would pay the restitution over the 20-year sentence in the amount of $15,000 yearly. The court's order outlined the factors under OCGA § 17-14-10 which it considered in making the restitution order; included in these reasons was the fact that the total amount of damages to Macon Beauty Supply was about $900,000.

Here, in eight enumerations of error, Fuller claims that the court

erred in various ways in ordering restitution. He does not challenge the other parts of the sentence. Because we conclude that the court erred in overruling Fuller's objection to testifying, we reverse the sentence and remand for proceedings consistent with this opinion.

1. Fuller claims that the court violated his Fifth Amendment right to be protected from self-incrimination in allowing the State to call him for cross-examination at the sentencing hearing over the objection of defense counsel.

The U. S. Supreme Court recently addressed the question of whether a defendant may invoke the Fifth Amendment privilege against self-incrimination in the context of a sentencing hearing after he has entered a guilty plea in *Mitchell v. United States*, 526 U. S. 314 (119 SC 1307, 143 LE2d 424) (1999). That case arose after defendant Mitchell pled guilty to federal charges of conspiring to distribute cocaine, but retained the right to contest the drug quantity. At the sentencing hearing in *Mitchell* the district court ruled that as a consequence of her guilty plea, Mitchell relinquished her right to remain silent with respect to the details of her crimes. Despite this ruling, Mitchell refused to testify and the district court used her failure to testify as evidence against her. The Third Circuit affirmed the district court's sentence, finding that "[b]y voluntarily and knowingly pleading guilty to the offense Mitchell waived her Fifth Amendment privilege." *Mitchell v. United States*, 122 F3d 185, 189 (3rd Cir. 1997).

In reversing the Third Circuit's holding, the Supreme Court found that if Mitchell had pleaded not guilty and taken the stand at trial, she could have been cross-examined on matters to which she had testified. But, the court explained, the colloquy surrounding the entry of a guilty plea differs:

> [t]he concerns which justify the cross-examination when the defendant testifies are absent at a plea colloquy, however. The purpose of a plea colloquy is to protect the defendant from an unintelligent or involuntary plea. The Government would turn this constitutional shield into a prosecutorial sword by having the defendant relinquish all rights against compelled self-incrimination upon entry of a guilty plea, including the right to remain silent at sentencing.

*Mitchell*, 526 U. S. at 322.

Thus, the Supreme Court determined that the defendant who pleads guilty does not waive the privilege against self-incrimination at sentencing. While the Supreme Court recognized that by pleading guilty the defendant waives any rights he would have had at trial,[1]

---

[1] The Supreme Court also recognized the duty of the district court of ensuring a factual

"[a] waiver of a right to trial with its attendant privileges is not a waiver of the privileges which exist beyond the confines of the trial." Id. at 324. Accordingly, the court stated: "[t]reating a guilty plea as a waiver of the privilege at sentencing would be a grave encroachment on the rights of defendants." Id. Citing *Estelle v. Smith*, 451 U. S. 454, 462 (68 LE2d 359, 101 SC 1866) (1981), the court concluded that incrimination was not complete until a sentence was fixed and the judgment of conviction became final. See also *United States v. KuKu*, 129 F3d 1435 (11th Cir. 1997) (holding that a "defendant retains the Fifth Amendment privilege against self-incrimination prior to sentencing, despite having entered a guilty plea, because of the possible impact that compelled testimony may have on the defendant's as yet undetermined sentence").

No Georgia case has yet applied *Mitchell*. Nevertheless, the principle that a defendant who pleads guilty retains his right to avoid self-incrimination at the sentencing hearing is implicit in previous Georgia cases. See, e.g., *Cheeks v. State*, 218 Ga. App. 212 (460 SE2d 860) (1995) (defendant's silence during restitution hearing deemed waiver of opportunity to provide evidence of her ability to pay restitution); *Christenson v. State*, 261 Ga. 80 (402 SE2d 41) (1991) (recognizing that under *Estelle v. Smith*, 451 U. S. at 462-463, a criminal defendant may not be compelled to testify at the sentencing phase of a death penalty trial). See also *Victrum v. State*, 203 Ga. App. 377 (1) (416 SE2d 740) (1992) (trial court properly allowed witness who pled guilty to crime to refuse to answer questions based on right to avoid self-incrimination); *Barber v. State*, 192 Ga. App. 323 (385 SE2d 15) (1989).

Accordingly, the court in this case erred by forcing Fuller to testify in the sentencing hearing after he entered his plea of nolo contendere.[2] We note that for purposes of the application of *Mitchell*, the fact that Fuller entered a nolo contendere plea rather than a guilty one does not change our analysis. See generally *Fortson v. Hopper*,

---

basis for a plea. Further, the court recognized "the authority of a district court to make whatever inquiry it deems necessary in its sound discretion to assure itself the defendant is not being pressured to offer a plea for which there is no factual basis." Id. at 324. With respect to Georgia's provisions regarding pleas, see Uniform Superior Court Rules 33.7—33.12.

[2] The fact that Fuller took the stand later in his own defense does not mean that Fuller waived his right to avoid self-incrimination. At this point, his right to avoid testifying had been violated. "Although a criminal defendant cannot be compelled to testify against himself, OCGA § 24-9-20 (a), once he elects to testify and takes the stand, he can be examined and cross-examined as any other witness." *Scott v. State*, 270 Ga. 93, 94 (2) (507 SE2d 728) (1998). Here, over his objection, Fuller was compelled to testify by cross-examination initially; thus, his decision to rehabilitate himself later cannot operate as a waiver. Compare *Everett v. State*, 238 Ga. 80 (230 SE2d 882) (1976), in which the defendant and his counsel agreed that defendant would be called to testify on cross-examination first.

242 Ga. 81, 83 (247 SE2d 875) (1978) ("When the judge accepts the plea of nolo contendere, he is empowered to impose whatever sentence is provided by law for the crime, just as if the defendant had been convicted by a jury or entered a plea of guilty.") (punctuation omitted). See also USCR 33.1.

We reject the State's argument that because the sentencing here involved restitution, which it argues is akin to civil damages, the court was permitted to call Fuller for cross-examination. This argument is flawed. First, the court did not pronounce any part of the sentence — the probation, community service, or restitution — until the hearing was complete. And, though a restitution hearing is analogous in some ways to a civil proceeding, it is fundamental that restitution is punishment when ordered as part of a criminal sentence. See *Harris v. State*, 261 Ga. 859 (413 SE2d 439) (1992); *Morrison v. State*, 181 Ga. App. 440, 441 (352 SE2d 622) (1987). See generally OCGA § 17-14-1 et seq. In fact, as early as 1870, our Supreme Court determined that the Fifth Amendment right to avoid self-incrimination applied to cases in which the defendant might be subject to a fine, forfeiture, or penalty. *Bryan v. State*, 40 Ga. 688 (1870).

Accordingly, we must reverse Fuller's sentence and remand the case to the trial court with the direction that another sentencing and restitution hearing be held at which the appropriate factors are to be considered and the written findings required under OCGA § 17-14-8 are to be made. *Murphy v. State*, 182 Ga. App. 791, 792-793 (5) (357 SE2d 147) (1987).

2. Because of our conclusion in Division 1, we do not reach Fuller's remaining arguments.

*Judgment of conviction affirmed. Sentence reversed and case remanded with direction. Smith, P. J., and Miller, J., concur.*

DECIDED JUNE 26, 2000.

*George L. Williams, Jr.*, for appellant.
*Charles H. Weston, District Attorney, Henry O. Jones III, Assistant District Attorney*, for appellee.