## S00A1679. PAYNE v. THE STATE.
(540 SE2d 191)

CARLEY, Justice.

While walking past George Palmer's residence, Andre Harris and John Masquera saw Ray Anthony Payne beating Mr. Palmer. After they yelled at Payne to stop, he walked outside, covered in blood, and asked Harris to go to his apartment and get a knife. Harris and Masquera called the police who, upon their arrival, questioned Payne. He was wearing different clothes, but his hands were still bloody, and he appeared nervous and smelled of alcohol. The officers then discovered Mr. Palmer's body. He suffered multiple stab wounds, and died from a lacerated pulmonary artery. The victim's empty wallet lay on his stomach, and there was a bloody knife with a bent blade in the kitchen. Payne entered a plea of not guilty by reason of insanity to an indictment charging him with malice murder and with the possession of a knife during the commission of that crime. The jury found him "guilty but mentally ill." The trial court imposed a life sentence for the murder and a consecutive five-year term of imprisonment for the weapons offense. Payne appeals from the judgments of conviction and sentences entered on the jury's guilty verdicts.[1]

---

[9] See *Martin, Hobson* and *Appling*, supra.

[1] The crimes were committed on July 4, 1998. The grand jury returned its indictment on September 1, 1998. The jury found Payne guilty but mentally ill on October 14, 1999. The trial court imposed the sentences on January 14, 2000. Payne filed a motion for new trial on February 2, 2000, and the trial court denied that motion on April 27, 2000. Payne filed a notice of appeal on May 26, 2000. The case was docketed in this Court on June 27, 2000. The appeal was submitted for decision on August 21, 2000.

1. Citing the lack of any eyewitness testimony that he stabbed Mr. Palmer or that he possessed a knife, Payne contends that the evidence is insufficient to support the guilty verdicts. A conviction is authorized if the circumstantial evidence excludes every reasonable inference and hypothesis except the guilt of the accused. *Spear v. State*, 270 Ga. 628, 629 (1) (513 SE2d 489) (1999). When the evidence in this case is construed most strongly in favor of the verdict, it is sufficient to authorize a rational trier of fact to find proof of the Defendant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court admitted photographs of the crime scene, over Payne's objection that they were too gruesome and inflammatory. The evidence was admissible, since it depicted the condition and location of the victim's body as discovered by the investigating officers. *Murray v. State*, 271 Ga. 504, 505 (3) (521 SE2d 564) (1999).

3. The State presented evidence that Mr. Palmer possessed a large sum of money shortly before his death, but that the officers found his empty wallet at the murder scene. Payne objected and moved unsuccessfully for a mistrial, urging that the prosecution could not show that he committed robbery because he was not indicted for that offense. The trial court correctly denied this motion because the evidence was admissible as part of the res gestae of the murder, and was also relevant to the existence of a motive for that crime. *Derrick v. State*, 263 Ga. 766, 768 (2) (438 SE2d 903) (1994).

4. In closing argument, the prosecutor noted that voluntary intoxication is not a defense. Payne moved for a mistrial, asserting there was no evidence to authorize that particular argument. The trial court denied the motion, and Payne enumerates this ruling as error.

"Voluntary intoxication shall not be an excuse for any criminal act or omission." OCGA § 16-3-4 (c). This legal principle is potentially relevant in any case, such as this, in which the defendant raises an insanity defense. "[T]he inability to distinguish between right and wrong is *not* a defense if the inability is a consequence of voluntary intoxication. . . ." (Emphasis in original.) *Foster v. State*, 258 Ga. 736, 744 (10) (374 SE2d 188) (1988). One of the investigating officers testified that Payne smelled of alcohol. Moreover, an expert witness for the defense testified that Payne admitted that he consumed liquor and cocaine on the day of the murder. In closing argument, counsel may draw any reasonable and legitimate inference from the evidence. *Morgan v. State*, 267 Ga. 203 (1) (476 SE2d 747) (1996). Thus, the prosecutor was entitled to argue that the evidence regarding the defendant's voluntary use of alcohol and drugs would not excuse his conduct. " 'Upon the facts in the record, and upon the deductions (the attorney) may choose to draw therefrom, an attorney

may make almost any form of argument (the attorney) desires.' [Cit.]" *Morgan v. State*, supra at 203 (1). Consistent with the State's argument, the trial court subsequently instructed the jury that voluntary intoxication was not justification for a criminal act. The trial court did not err in denying Payne's motion for mistrial.

5. OCGA § 17-7-130.1 provides that, "[w]hen notice of an insanity defense is filed, the court shall appoint at least one psychiatrist or licensed psychologist to examine the defendant and to testify at the trial." Payne contends that the trial court violated the mandate of this statute by appointing an unlicensed psychologist.

A review of the record does not show that Payne raised this issue below. Generally, only those matters raised in the trial court may be considered on appeal. *Scott v. State*, 270 Ga. 93, 94 (2) (507 SE2d 728) (1998). However, the record does show that the expert had degrees in psychology, was "licensed by the State as a mental health counselor, [and had] done about 2,800 court ordered evaluations. . . ." Even assuming that proof that the witness possessed these qualifications still did not show affirmatively that he *was* a "licensed psychologist" as contemplated by OCGA § 17-7-130.1, there was no affirmative showing that he was *not* so licensed. Unless the record shows "the utter lack of any evidence that [the witness] was properly licensed, 'we must assume that the judgment below . . . was correct.' [Cit.]" *Myers v. Wynn*, 201 Ga. App. 764, 765 (412 SE2d 581) (1991). Moreover, the defense called the psychologist as its witness and requested that the trial court qualify him as an expert. " ' "One cannot complain of a judgment, order, or ruling that his own procedure or conduct procured or aided in causing." (Cits.)' [Cit.]" *McDaniel v. State*, 248 Ga. 494, 495 (2) (283 SE2d 862) (1981). Therefore, even if the record did show that the witness was not "licensed," Payne would be estopped to urge that the trial court erred in allowing the psychologist to testify as the expert witness mandated by OCGA § 17-7-130.1.

*Judgment affirmed. All the Justices concur, except Hunstein, J., who concurs in Divisions 1, 2, 3, and 5 and in the judgment.*

DECIDED JANUARY 8, 2001.

*Ellis R. Garnett*, for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.